UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONNIE AVARAS, individually and as parent of A.A.,

Plaintiffs,

-against-

CLARKSTOWN CENTRAL SCHOOL DISTRICT,
BOARD OF EDUCATION FOR THE CLARKSTOWN
CENTRAL SCHOOL DISTRICT, and NEW YORK
STATE DEPARTMENT OF EDUCATION,

Defendants.

18 CV 6964 (NSR)
AMENDED INTERIM OPINION
& ORDER

---

NELSON S. ROMÁN, United States District Judge

Plaintiff Connie Avaras, individually and as parent of A.A., brings this action against the

Clarkstown Central School District (the "District"), the Board of Education for the District (the

"Board") (collectively the "District Defendants"), the New York State Department of Education

(the "Department") pursuant to the Individuals with Disabilities Education Improvement Act

("IDEA" or "IDEIA"), 20 U.S.C. § 1400 et seq., Title II of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12181 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("RA"), 29

U.S.C. § 794, and 42 U.S.C. § 1983 ("Section 1983").

Before the Court is Plaintiff's motion by order to show cause for a preliminary injunction

pursuant to Section 1415(j) of the IDEA ("the stay put" provision) seeking an order directing the

District to provide tuition payments on behalf of the child, A.A., for the 2018-2019 year at New

York Military Academy pending the outcome of any due process proceedings. (*See* Plaintiff's

Brief in Support of her Motion for Pendency ("Plf. Br.") (ECF No. 10)).



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/2018

Due to the urgency of this application, the Court hereby issues the following interim short order following a hearing and will provide a final order detailing its analysis thereafter. For the following reasons, Plaintiff's Motion is GRANTED.

## I.    BACKGROUND

The Court assumes the parties' familiarity with the facts regarding Plaintiff's substantive claims for relief, and will only discuss those facts necessary for the outcome of this motion. A.A., Plaintiff's child is a resident of the District who has been classified as learning disabled. (*See* Carol Melnick's Affidavit in Opposition to Plaintiff's Order to Show Cause ("Melnick Aff.") (ECF No. 25), Ex. U ("SRO Dec.") at 2-3.) He attended Woodglen Elementary School through fourth grade where he was diagnosed with ADHD, dyslexia, and a learning disability. (*Id.* at 2-3.) Both parties, during a hearing on the order to show cause for a preliminary injunction conceded that the last agreed-upon IEP for the child was from his 2009-10 school year (second grade) at Woodglen. (*Id.* at 2-3.)

Plaintiff unilaterally thereafter enrolled him in Hawk Meadow Montessori School ("Hawk Meadow") and sought reimbursement for tuition and transportation related thereto in a 2015 federal lawsuit before this Court. Avaras v. Clarkstown Central School District, 15 Civ. 2042 WL 3037402 (S.D.N.Y. July 17 2017). By Opinion and Order dated July 17, 2017, this Court found for school years 2012-2013 and 2013-2014, A.A. was denied a Free and Appropriate Public Education ("FAPE") and that A.A.'s placement at Hawk Meadow was appropriate. (*Id.*) He attended Hawk Meadow until the summer of 2017. (*See* Plaintiff's Memorandum of Law In Support of Their Motion (ECF No. 11), ("Plaintiff's Memorandum" at 3.)

In 2017, A.A. aged out of Hawk Meadow. (*Id.*) Plaintiff alleges that the District failed to inform her of their plans with respect to an IEP for A.A. during the 2017-2018 school year. (*See* Plaintiff's Complaint (ECF No. 5), ("Complaint" at 45.)

On the other hand, the District claims it held a CSE meeting on May 31, 2017 and offered A.A. a FAPE for the 2017-2018 year. (SRO Dec. at 3.) The Plaintiff informed the school that her son may attend NYMA. (Complaint at 16.) She ultimately enrolled her son in NYMA on August 21, 2017 (*Id.*) The parties agreed during the TRO hearing that A.A. successfully completed an entire year at NYMA and is scheduled to commence his second school year on Monday August 27, 2018.

In October 2017, Plaintiff filed a due process claim challenging the District's IEPs for the 2014-2015, 2015-2016 and 2016-17 and 2017-2018 school years. She also asked for reimbursement for the final years at Hawk Meadow and the beginning of his education at NYMA, as well as prospective relief in the form of tuition, transportation, and costs associated with education at NYMA. (SRO Dec. at 5.) The IHO denied all of Plaintiff's claims in a decision written on March 7, 2018. (*Id.*) The IHO found that the parent's claims related to the 2014-2015 and 2015-2016 school years were time-barred by the IDEA's statute of limitations. (*Id.*) Next, the IHO concluded that the District had offered the student a FAPE for the 2016-2017 and 2017-2018 school year and that it was the parent's choice to place her child in private school. (*Id.*) Plaintiff appealed the decision of the IHO to the SRO in its entirety. (*Id.* at 6.) On May 17, 2018 the SRO dismissed plaintiff's appeal as untimely and did not render a decision on the merits (*Id.* at 8.)

## II.  LEGAL STANDARD

### A. Stay Put

The stay-put provision is contained in subsection j of the IDEA. *See* 20 U.S.C. § 1415(j).

This provision provides:

> During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . .

20 U.S.C. 1415(j). "The purpose of the provision is 'to maintain the educational status quo while the parties' dispute is being resolved.'" Doe v. East Lyme Board of Ed, 790 F.3d 440, 452 (2d. Cir. 2015) (quoting *T.M.*, 752 F.3d 145, 152 (2d. Cir. 2014)). Therefore, a school district is required "to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." *Id.* (quoting *T.M.*, 752 F.3d at 152) (internal quotations omitted).

## B. <u>Exhaustion</u>

Though the IDEA requires exhaustion of administrative remedies prior to initiation of a federal lawsuit seeking relief under its provisions, the Second Circuit has explicitly held that, where the stay-put provision is invoked, a court of law may hear the application without raising it on the administrative record first. Murphy v. Arlington, 297 F.3d 195, 199 (2d. Cir. 2002) ("The administrative process is 'inadequate' to remedy violations of § 1415(j) because, given the time-sensitive nature of the IDEA's stay-put provision, an immediate appeal is necessary to give realistic protection to the claimed right.") (internal quotations omitted).

## C. <u>Then Current Placement</u>

"Section 1415(j) establishes a student's right to a stable learning environment during what may be a lengthy administrative and judicial review." *Murphy*, 297 F.3d at 199 (citing *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466 ((6th Cir. 1996)).

The pendency or "stay put" provision requires the Court to engage in a two-part analysis. First, Section 20 U.S.C. § 1415(j) states that during the pendency of proceedings, a child should

remain in a school that the parties agree upon. However, if the parties do not agree, the statute requires a school district to continue funding whatever educational placement was the last current placement until judicial proceedings are complete. Pendency operates to ensure that "all handicapped children, *regardless of whether their case is meritorious or not* . . . remain in their current educational placement until the dispute with regard to their placement is ultimately resolved." *Doe*, 790 F.3d at 453; *E.Z.-L v. N.Y.C. Dep't of Educ.*, 763 F. Supp. 2d 584, 598-99 (S.D.N.Y. 2011). Here the parties have been unable to agree which school the child should remain. In such a situation, the statute requires the student "shall remain in the then-current educational placement of the child."

Though the IDEA does not define a "then-current educational placement", the Second Circuit instructs the district courts to look to the three factors: "(1) the placement described in the child's most recently implemented IEP; (2) the operative placement actually functioning at the time when the stay put provision of the IDEA was invoked; or (3) the placement at the time of the previously implemented IEP." *Doe*, 790 F.3d at 452 (quoting *Mackey*, 385 F.3d at 163) (internal quotations omitted).

## III. DISCUSSION

Based on the unique facts of this case and examining the Second Circuit factors, the options are limited. Both parties conceded during the hearing, the most recently implemented IEP was from the second grade. Clearly an IEP that is outdated and inapplicable to A.A's high school educational needs. Similarly, the third factor or the "placement at the time of the previously implemented IP," is also not relevant. That leaves this court to consider the second factor or option, the "operative placement" when the lawsuit commenced in October of 2017. At that time, A.A. was enrolled and attending the New York Military Academy. The District is thus responsible for

ensuring that A.A. remain "stay-put" at the New York Military Academy, until a change in A.A.'s then-current placement is made properly under the IDEA.

## IV.     RELIEF REQUESTED

District Courts in IDEA cases are entitled to considerable discretion. Particularly where it concerns relief, a court "shall grant such relief as [it] determines is appropriate", with respect to any action brought under the IDEA. *Doe*, 790 F.3d at 454. A limitation on this discretion is "that the relief [must] be appropriate in light of the purpose of the Act." *Id.* (quoting *Sch. Comm. Of Town of Burlington v. Dep't of Educ.*, 471 U.S. 359, 369 (1985)).

### A. Retroactive and Prospective Tuition and Transportation Costs

There is no question that, pursuant to the stay put provision, Plaintiff is entitled to prospective relief in the form of tuition and reimbursement. *See E.Z.*, 763 F. Supp. 2d at 599 ("If the student's 'current educational placement' is in private school, 'the responsibility for private school tuition stays put as well.'"); *see also Doe*, 790 F.3d at 448 (instruction "encompasses 'transportation, and such development, corrective, and other supportive services . . . .'").

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted. The District Defendants are directed pursuant to Rule 65 of the Federal Rules of Civil Procedure and the "stay put" provision of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415(j), to pay for and provide the following services for A.A.: Tuition for the boarding program at the New York Military Academy ("NYMA") for the 2018-2019 school year.

IT IS FURTHER ORDERED that Plaintiffs shall not be required to post security in this matter. SO ORDERED.

The Clerk of the Court is respectfully requested to terminate the motions at ECF Nos. 8 & 10.

Dated:    August 27, 2018
          White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge