UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONNIE AVARAS, individually and on behalf of her minor child, A.A.,<br><br>                          Plaintiff,<br><br>       - against -<br><br>CLARKSTOWN CENTRAL SCHOOL DISTRICT, the BOARD of EDUCATION for CLARKSTOWN CENTRAL SCHOOL DISTRICT, and the NEW YORK STATE EDUCATION DEPARTMENT,<br><br>                         Defendants. | 18 Civ. 6964 (NSR) (LMS)<br><br>(Related to 18-CV-2976, 18-CV-3484 and 15-CV-2042) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NEW YORK STATE EDUCATION DEPARTMENT'S MOTION TO DISMISS THE COMPLAINT

**BARBARA D. UNDERWOOD**
Attorney General of the State of New York
Attorney for Defendant New York State
 Education Department
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8888

JONATHAN A. SIEGEL
Assistant Attorney General
  Of Counsel

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL BACKGROUND ............................................................................................................ 2

PROCEDURAL BACKGROUND .............................................................................................. 4

STATEMENT OF THE CASE .................................................................................................... 6

STANDARD OF REVIEW ........................................................................................................... 7

     A.     Fed. R. Civ. P. 12(b)(1). ......................................................................................... 7

     B.     Fed. R. Civ. P. 12(b)(6). ......................................................................................... 7

ARGUMENT.................................................................................................................................. 8

POINT I –     PLAINTIFF HAS FAILED TO STATE AN IDEA CLAIM AGAINST SED. ....... 8

     A.     SED is Not a Proper Party to IDEA Claims. ................................................... 8

     B.     The IDEA Bars Any Claim Based on SED's General Supervisory and Monitoring Duties. ...................................................................................................... 11

     C.     Plaintiff Has Failed to Allege a Systemic Violation of the IDEA. .............................. 13

     D.     There is No Private Right of Action Based on Alleged SRO Bias and, In Any Event, Plaintiff Has Failed to Plausibly Allege that the SRO Was Biased................................ 16

          1.     The IDEA Does Not Provide a Private Right of Action for an SRO Bias Claim. .......................................................... 16

          2.     Even if Plaintiff Could Assert an SRO Bias Claim, Such a Claim Would Be Moot.......................................................... 16

          3.     Even if Plaintiff Could Sue for SRO Bias, She Failed to State an SRO Bias Claim........................................................... 17

# TABLE OF CONTENTS

**Page**

POINT II –    PLAINTIFF'S IDEA CLAIMS AGAINST SED SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES. ........................21

POINT III –    PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION UNDER THE REHAB ACT AND THE ADA FAIL TO STATE A CLAIM AGAINST SED. ....22

    A.    The Rehab Act and ADA Claims Duplicate the IDEA Claims and Plaintiff Failed to Exhaust Administrative Remedies. ..................................................................22

    B.    Plaintiff Has Failed to State a Claim under the Rehab Act or the ADA......................23

POINT IV –    PLAINTIFF'S SEVENTH AND EIGHTH CAUSES OF ACTION UNDER SECTION 1983 AND THE NEW YORK EDUCATION LAW ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY AND FAIL TO STATE A CLAIM. ...................................................................................................................26

    A.    Eleventh Amendment Immunity Bars Plaintiff's Section 1983 and State Law Claims. ......................................................................................................................26

    B.    Plaintiff Fails to State a Section 1983 Claim Against SED..........................................27

    C.    Plaintiff Fails to State an Education Law Claim Against SED. ....................................28

CONCLUSION...................................................................................................................................29

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*A.A. v. Bd. of Educ.*,
   196 F. Supp. 2d 259 (E.D.N.Y. 2002)................................................................26

*A.A. v. Philips*,
   386 F.3d 455 (2d Cir. 2004) ...............................................................................12

*Achtman v. Kirby, McInerney & Squire, LLP*,
   464 F.3d 328 (2d Cir. 2006) .................................................................................8

*Adam J. v. Keller Indep. Sch. Dist.*,
   328 F.3d 804 (5th Cir. 2003)..............................................................................17

*Adrian R. ex rel. Esther D. v. New York City Bd. of Educ.*,
   No. 99 Civ. 9064 (WK)(JCF), 2001 WL 1175103 (S.D.N.Y. Oct. 2, 2001) ....................................10

*Adrianne D. v. Lakeland Centr. Sch. Dist.*,
   686 F. Supp. 2d 361 (S.D.N.Y. 2010)..................................................................19

*A.L. v. New York City Dep't of Educ. ("NYCDOE")*,
   812 F. Supp. 2d 492 (S.D.N.Y. 2011) .................................................................15

*Alexander v. Sandoval*,
   532 U.S. 275 (2001) ...........................................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................ 7, 8, 13

*Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*,
   968 F.2d 196 (2d Cir. 1992) .................................................................................7

*Avaras v. Clarkstown Centr. Sch. Dist.*,
   No. 15 Civ. 2042 (NSR), 2017 WL 3037402 (S.D.N.Y. July 17, 2017)..................................... *passim*

*Avaras v. Clarkstown Centr. Sch. Dist.*,
   No. 15 Civ. 9679 (NSR), 2018 WL 4964230 (S.D.N.Y. Oct. 15, 2018)......................................*passim*

*Barnes v. Gorman*,
   536 U.S. 181 (2002)...........................................................................................26

*B.C. v. Mount Vernon City Sch. Dist.*,
   No. 11 Civ. 1411 (VB), 2014 WL 4468082 (S.D.N.Y. Aug. 28, 2014), *aff'd*, 837 F.3d 152 (2d Cir.)
   and 660 F. App'x 93 (2d Cir. 2016) ......................................................................22

**Cases**                                                                                                       **Page(s)**

*B.C. v. Mount Vernon School District*,
  837 F.3d 152 (2d Cir. 2016) ................................................................................................ 23, 24

*Bd. of Educ. of the Pine Plains Cent. Sch. Dist. v. Engwiller*,
  170 F. Supp. 2d 410 (S.D.N.Y. 2001)...............................................................................26

*Bd. of Educ. of the Pawling Centr. Sch. Dist. v. Schutz*,
  290 F.3d 476 (2d Cir. 2002) ...............................................................................................26

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................................7, 8

*B.J.S. v. State Educ. Dep't/Univ. of N.Y.*,
  699 F. Supp. 2d 586 (W.D.N.Y. 2010) ...........................................................................10

*B.J.S. v. State Educ. Dep't/Univ. of N.Y.*,
  No. 07 Civ. 456A(F), 2011 WL 3651051 (W.D.N.Y. Aug. 18, 2011), *adopted by* 2011 WL
  4549192 (W.D.N.Y. Sept. 29, 2011).................................................................................10

*Bonar v. Ambach*,
  771 F.2d 14 (2d Cir. 1985) .................................................................................................28

*Canton Bd. of Educ. v. N.B.*,
  343 F. Supp. 2d 123 (D. Conn. 2004) ..............................................................................16

*Carr v. Cty. of Sullivan*,
  No. 16 Civ. 06850 (NSR), 2018 WL 3733952 (S.D.N.Y. Aug. 3, 2018) .........................20

*Cave v. E. Meadow U.F.S.D.*,
  514 F.3d 240 (2d Cir. 2008) .................................................................................14, 15, 19

*Cenzon-DeCarlo v. Mount Sinai Hosp.*,
  626 F.3d 695 (2d. Cir. 2010) .............................................................................................11

*C.F. v. N.Y. City Dep't of Educ.*,
  746 F.3d 68 (2d Cir. 2014) .................................................................................................11

*C.L. v. N.Y.C. Dep't of Educ.*,
  552 Fed. App'x 81 (2d Cir. 2014) ......................................................................................11

*C.L. v. Scarsdale Union Free Sch. Dist.*,
  744 F.3d 826 (2d Cir. 2014) ...............................................................................................24

*C.L. ex rel. K.L. v. Hastings-on-Hudson Union Free Sch. Dist.*,
  No. 14 Civ. 4422 (NSR), 2015 WL 1840507 (S.D.N.Y. Apr. 21, 2015) ...........................15

**Cases**                                                                                            **Page(s)**

*County of Westchester v. N.Y.*,
    286 F.3d 150 (2d Cir. 2002) ................................................................................................16

*C.R. v. New York City Dep't of Educ.*,
    211 F. Supp. 3d 583 (S.D.N.Y. 2016)..................................................................................21

*Dove v. Fordham Univ.*,
    56 F. Supp. 2d 330 (S.D.N.Y. 1999), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000)...20

*Evans v. Bd. of Educ. of Rhinebeck Central Sch. Dist.*,
    930 F. Supp. 83 (S.D.N.Y. 1996) .........................................................................................28

*E.Z.-L ex rel. R.L. v. NYCDOE*,
    763 F.Supp.2d 584 (S.D.N.Y. 2011), *aff'd sub nom. R.E. v. New York City Dep't of Educ.*, 694 F.3d
    167 (2d Cir. 2012)........................................................................................................ 15, 19

*Fernandez v. Zoni Language Centers, Inc.*,
    No. 15 Civ. 6066 (PKC), 2016 WL 2903274 (S.D.N.Y. May 18, 2016), *aff'd*, 858 F.3d 45 (2d Cir.
    2017)......................................................................................................................................15

*F.L. v. N.Y.C. Dep't of Educ.*,
    553 Fed. App'x 2 (2d Cir. 2014)...........................................................................................11

*Florence Cnty. Sch. Dist. Four v. Carter*,
    510 U.S. 7 (1993) ...................................................................................................................3

*Forest Grove Sch. Dist. v. T.A.*,
    557 U.S. 230 (2009)................................................................................................................3

*French v. New York State Dep't of Educ.*,
    No. 04 Civ. 434 (FJS/ATB), 2010 WL 3909163 (N.D.N.Y. Sept. 30, 2010), *aff'd*, 476 Fed. App'x
    468 (2d Cir. 2011).................................................................................................................27

*French v. New York State Dep't of Educ.*,
    476 Fed. App'x 468 (2d Cir. 2011) ......................................................................................24

*Freydel v. New York Hosp.*,
    242 F.3d 365, 2000 WL 1836755 (2d Cir. 2000)................................................................25

*Fulton v. Goord*,
    591 F.3d 37 (2d Cir. 2009) ..................................................................................................23

*Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Centr. Sch. Dist.*,
    368 F. Supp. 2d 313 (S.D.N.Y. 2005)..................................................................................25

**Cases**                                                                                                                    **Page(s)**

*Gagliardo v. Arlington Centr. Sch. Dist.*,
    418 F. Supp. 2d 559 (S.D.N.Y. 2006)......................................................................................17

*Giglio v. Dunn*,
    732 F. 2d 1133 (2d Cir. 1984)...............................................................................................28

*Gleason v. Scoppetta*,
    566 Fed. App'x 65 (2d Cir. 2014).........................................................................................27

*H.B. v. Byram Hills Centr. Sch. Dist.*,
    No. 14 Civ. 6796 (VB), 2015 WL 5460023 (S.D.N.Y. July 20, 2015), *aff'd*, 648 Fed. App'x 122 (2d
    Cir. 2016) ...............................................................................................................................22

*H.C. v. Katonah-Lewisboro Union Free Sch. Dist.*,
    No. 09 Civ. 10563 (PED), 2012 WL 2708394 (S.D.N.Y. May 24, 2012), *aff'd*, 528 Fed. App'x 64
    (2d Cir. 2013) .........................................................................................................................19

*Heldman on Behalf of T.H. v. Sobol*,
    962 F.2d 148 (2d Cir. 1992).......................................................................................... 14, 22

*Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*,
    101 F.3d 877 (2d Cir. 1996)..................................................................................................28

*Holmes v. Capra*,
    No. 17 Civ. 01313 (NSR), 2018 WL 3117511 (S.D.N.Y. June 25, 2018) ...........................20

*Intravaia ex rel. Intravaia v. Rocky Point U.F.S.D.*,
    919 F. Supp. 2d 285 (E.D.N.Y. 2013)...................................................................................15

*J.D. v. Pawlet Sch. Dist.*,
    224 F.3d 60 (2d Cir. 2000) ...................................................................................................25

*J.E. v. Chappaqua Centr. Sch. Dist.*,
    No. 14 Civ. 3295 (NSR), 2015 WL 4934535 (S.D.N.Y. Aug. 17, 2015) ......................9, 13

*Keitt v. New York City*,
    882 F. Supp. 2d 412 (S.D.N.Y. 2011)...................................................................................26

*Kelly v. Saratoga Springs Centr. Sch. Dist.*,
    No. 09 Civ. 276 (GLS), 2009 WL 3163146 (N.D.N.Y. Sep. 25, 2009) ...............................18

*Kerry M. v. Manhattan Sch. Dist. # 114*,
    No. 03 Civ. 9349 (RAG), 2004 WL 2538303 (N.D. Ill. Sept. 28, 2004) .............................23

*K.L. v. N.Y.C. Dep't of Educ.*,
    530 Fed. App'x 81 (2d Cir. 2013) .........................................................................................11

**Cases**                                                                                      **Page(s)**

*L.K. v. Sewanhaka Cent. High Sch. Dist.*,
    641 Fed. App'x 56 (2d Cir. 2016)..................................................................................22

*Logue v. Shawnee Mission Pub. Sch. Unified Sch. Dist. No. 512*,
    959 F. Supp. 1338 (D. Kan. 1997), *aff'd*, 153 F.3d 727 (10th Cir. 1998) ........................17

*Makarova v. U.S.*,
    201 F.3d 110 (2d Cir. 2000) .............................................................................................7

*Mamot v. Bd. of Regents*,
    367 Fed. App'x 191 (2d Cir. 2010) .................................................................................26

*M.H. v. Mount Vernon City Sch. Dist.*,
    No. 13 Civ. 3596 (VB), 2014 WL 901578 (S.D.N.Y. Mar. 3, 2014) ...............................27

*M.M. v. N.Y.C. Dep't of Educ.*,
    No. 09 Civ. 5236 (PAC), 2010 WL 2985477 (S.D.N.Y. July 27, 2010)..................... 26, 27

*Mr. & Mrs. B. v. Bd. of Educ. of Syosset Sch. Dist.*,
    No. 96 Civ. 5752 (FB), 1998 WL 273025 (E.D.N.Y. Jan. 15, 1998) ......................... 13, 14

*Muhammad v. City of New York Dep't of Corrections*,
    126 F.3d 119 (2d Cir. 1997) ............................................................................................16

*M.W. v. N.Y.C. Dep't of Educ.*,
    725 F.3d 131 (2d Cir. 2013) ............................................................................................11

*New York City Dep't of Educ. v. S.H.*,
    No. 13 Civ. 3499 (AJN), 2014 WL 572583 (S.D.N.Y Jan. 22, 2014) ..............................18

*N.L. v. Knox Cty. Schs.*,
    315 F.3d 688 (6th Cir. 2003)............................................................................................23

*Ortiz v. Westchester Med. Ctr. Health Care Corp.*,
    No. 15 Civ. 5432 (NSR), 2016 WL 6901314 (S.D.N.Y. Nov. 18, 2016) .........................23

*Papasan v. Allain*,
    478 U.S. 265 (1986)............................................................................................................8

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984)............................................................................................................27

*Perry v. NYSARC, Inc.*,
    424 Fed. Appx. 23 (2d Cir. 2011) ...................................................................................15

**Cases**                                                                           **Page(s)**

*Piazza v. Florida Union Free Sch. Dist.*,
777 F. Supp. 2d 669 (S.D.N.Y. 2011).................................................................................21, 22

*Pinn ex rel. Steven P. v. Harrison Cent. Sch. Dist.*,
473 F. Supp. 2d 477 (S.D.N.Y. 2007)..........................................................................................24

*P.K. v. N.Y.C. Dep't of Educ.*,
526 Fed. App'x 135 (2d Cir. 2013) ...............................................................................................11

*Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*,
288 F.3d 478 (2d Cir. 2002) .................................................................................................21, 23

*R.E. v. N.Y.C. Dep't of Educ.*,
694 F.3d 167 (2d Cir. 2012) ..........................................................................................................11

*Reid L. v. Ill. State Bd. of Educ.*,
289 F.3d 1009 (7th Cir. 2002) ...............................................................................................12, 16

*R.P. v. Pelham Union Free Sch. Dist.*,
No. 16 Civ. 02898 (NSR) (TPG), 2017 WL 4382190 (S.D.N.Y. Sept. 29, 2017)............................18

*R.R. ex rel. M.R. v. Scarsdale Union Free Sch. Dist.*,
366 Fed. App'x 239 (2d Cir. 2010) ...............................................................................................21

*R.S. v. Bedford Centr. Sch. Dist.*,
899 F. Supp. 2d 285 (S.D.N.Y. 2012)............................................................................................18

*Scaggs v. N.Y. State Dep't of Educ.*,
No. 06 Civ. 0799 (JFB) (VVP), 2007 WL 1456221 (E.D.N.Y. May 16, 2007) ...................9, 12, 16

*Sch. Cmte. of The Town of Burlington, Mass. v. Dep't of Educ.*,
471 U.S. 359 (1985)........................................................................................................................3

*Schreiber v. E. Ramapo Cent. Sch. Dist.*,
700 F. Supp. 2d 529 (S.D.N.Y. 2010)............................................................................................24

*Sharkey v. Quarantillo*,
541 F.3d 75 (2d Cir. 2008) ...............................................................................................................8

*Sherman v. Harris*,
No. 11 Civ. 4385 (DLI) (JMA), 2012 WL 4369766 (E.D.N.Y. Sept. 24, 2012)..............................27

*Taylor v. Vt. Dep't of Educ.*,
313 F.3d 768 (2d Cir. 2002)..........................................................................................................17

**Cases**                                                                                                                    **Page(s)**

*T.M. v. Cornwall Cent. Sch. Dist.*,
    752 F.3d 145 (2d Cir. 2014) ..................................................................................................11

*T.W. v. Spencerport Cent. Sch. Dist.*,
    891 F. Supp. 2d 438 (W.D.N.Y. 2012) .................................................................................19

*United States v. I.B.M. Corp.*,
    618 F.2d 923 (2d Cir. 1980) ..................................................................................................19

*Wasser v. N.Y. State Office of Voc. & Educ. Servs. for Individuals with Disabilities*,
    683 F. Supp. 2d 201 (E.D.N.Y. 2008), *aff'd*, 602 F.3d 476 *and* 373 Fed. App'x 120 (2d Cir.
    2010)........................................................................................................................... 16, 17

*Wenger v. Canastota Centr. Sch. Dist.*,
    979 F. Supp. 147 (N.D.N.Y. 1997), *aff'd mem.*, 208 F.3d 204 (2d Cir. 2000) ...................................25

*Wenger v. Canastota Centr. Sch. Dist.*,
    No. 95 Civ. 1081 (FJS) (GJD), 2004 WL 726007 (N.D.N.Y. Apr. 5, 2004) ...................................13

*West v. Atkins*,
    487 U.S. 42 (1988)..................................................................................................27

*Will v. Mich. Dep't of State Police*,
    491 U.S. 58 (1989)..................................................................................................27

*Withrow v. Larkin*,
    421 U.S. 35 (1975)..................................................................................................19

*Wood v. Kingston City Sch. Dist.*,
    No. 08 Civ. 1371 (NAM/RFT), 2010 WL 3907829 (N.D.N.Y. Sept. 29, 2010) ..................... 10, 17

*W.T. & K.T. ex rel. J.T. v. Bd. of Educ. of Sch. Dist. of New York City*,
716 F. Supp. 2d 270 (S.D.N.Y. 2010) ..................................................................................20

*Yamen v. Bd. of Educ. of Arlington Cent. Sch. Dist.*,
    909 F. Supp. 207 (S.D.N.Y. 1996)..................................................................................11

*Y.D. v. N.Y.C. Dep't of Educ.*,
    No. 14 Civ. 1137 (LTS), 2016 WL 698139 (S.D.N.Y. Feb. 19, 2016) ...................................... 10, 14

*Zahran v. N.Y. Dep't of Educ.*,
    306 F. Supp. 2d 204 (N.D.N.Y 2004) ..................................................................................25

## United States Consitution                                                                 Page(s)

Eleventh Amendment ........................................................................................ 2, 26, 27
Fourteenth Amendment ............................................................................................ 28

## Federal Statutes

20 U.S.C. § 1400, *et seq.* (Individuals with Disabilities Education Act ("IDEA")) ........................ *passim*
20 U.S.C. § 1412(a) ...................................................................................................... 2
20 U.S.C. § 1412(a)(10)(C)(ii) ...................................................................................... 3
20 U.S.C. § 1412(a)(11)(A) ........................................................................................... 2
20 U.S.C. § 1412(a)(12) ............................................................................................... 9
20 U.S.C. § 1413 ........................................................................................................ 2
20 U.S.C. § 1414(d)(1) ............................................................................................... 2
20 U.S.C. § 1414(d)(2)(A) ........................................................................................... 2
20 U.S.C. § 1415 ..................................................................................................... 9, 10
20 U.S.C. § 1415(b)(6)(A) ........................................................................................... 16
20 U.S.C. § 1415(f)(1)(A) ............................................................................................. 3
20 U.S.C. § 1415(f)(2)(A) ............................................................................................. 3
20 U.S.C. § 1415(g) ..................................................................................................... 4
20 U.S.C. §§ 1415(h)(1)-(3) .......................................................................................... 3
20 U.S.C. § 1415(i)(1)(B) ......................................................................................... 4, 22
20 U.S.C. § 1415(i)(2)(A) ............................................................... 4, 9, 10, 12, 16, 22
20 U.S.C. § 1415(i)(2)(C) ............................................................................................. 4
29 U.S.C. § 794 (the "Rehab Act" or "Section 504" of the Rehabilitation Act) ......... 1, 2, 4, 5, 7, 22-26
42 U.S.C. § 1983 (the Civil Rights Act of 1871 or "§ 1983") .................................. 2, 4, 5, 23, 26-28
42 U.S.C. § 12101, *et seq.* (the Americans with Disabilities Act of 1990 ("ADA")) .... 1, 2, 4, 5, 7, 22-26

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 8(a)(2) .................................................................................................. 8
Fed. R. Civ. P. 12(b)(1) ................................................................................................ 7
Fed. R. Civ. P. 12(b)(6) ...................................................................... 7, 8, 16, 25, 28

## Code of Federal Regulations

34 C.F.R. §§ 300.148(c)-(d) .......................................................................................... 3
34 C.F.R. §§ 300.320-322 ............................................................................................. 2
34 C.F.R. § 300.323(a) ................................................................................................. 2
34 C.F.R. §§ 300.510(b)(2), (c) ..................................................................................... 4
34 C.F.R. § 300.511 ..................................................................................................... 3
34 C.F.R. §§ 300.512(a)(1)-(4) ...................................................................................... 3
34 C.F.R. § 300.514(b) ................................................................................................. 4
34 C.F.R. § 300.514(d) ............................................................................................. 4, 22
34 C.F.R. § 300.515(a) ................................................................................................. 4
34 C.F.R. § 300.515(b) ................................................................................................. 4
34 C.F.R. § 300.516 ................................................................................................. 4, 22

**Code of Federal Regulations**                                                                                          **Page(s)**

34 C.F.R. § 300.600................................................................................................................14

**State Statutes**

New York Civil Practice Law and Rules
    Article 78 ........................................................................................................................28

New York Education Law
    Article 89 ........................................................................................................................27
    § 4401............................................................................................................................28
    § 4402(1) .........................................................................................................................2
    § 4402(1)(b)(2) ................................................................................................................2
    § 4403............................................................................................................................13
    § 4404............................................................................................................................28
    § 4404(1) .........................................................................................................................4
    § 4404(1)(a).....................................................................................................................3
    § 4404(1)(c).....................................................................................................................3
    § 4404(2) .........................................................................................................................4
    § 4404(3) ....................................................................................................................4, 22

**State Regulations**

8 N.Y.C.R.R. § 200.1(x) .........................................................................................................3
8 N.Y.C.R.R. § 200.2(b)(9) .....................................................................................................3
8 N.Y.C.R.R. § 200.2(e)(1) .....................................................................................................3
8 N.Y.C.R.R. § 200.4(d)(2)......................................................................................................2
8 N.Y.C.R.R. § 200.4(e)...........................................................................................................2
8 N.Y.C.R.R. §§ 200.5(i)-(j) ....................................................................................................3
8 N.Y.C.R.R. § 200.5(j)(3)........................................................................................................3
8 N.Y.C.R.R. § 200.5(j)(5)........................................................................................................4
8 N.Y.C.R.R. § 200.5(k) ...........................................................................................................4
8 N.Y.C.R.R. § 200.5(k)(2).......................................................................................................4
8 N.Y.C.R.R. §§ 279.1-279.14 .................................................................................................4
8 N.Y.C.R.R. § 279.1(c)..........................................................................................................19
8 N.Y.C.R.R. § 279.1(c)(3)......................................................................................................20
8 N.Y.C.R.R. § 279.1(c)(4)......................................................................................................19
8 N.Y.C.R.R. § 279.13............................................................................................................17

Defendant New York State Education Department ("SED") submits this memorandum of law and the accompanying Declaration of Assistant Attorney General Jonathan A. Siegel ("Siegel Decl.") in support of its motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) & (6).

## PRELIMINARY STATEMENT

At bottom, this case is a dispute between plaintiff and the other defendants, Clarkstown Central School District and the Board of Education of Clarkstown Central School District (the "School District Defendants"), over whether they provided a free appropriate public education ("FAPE") to plaintiff Connie Avaras's child, A.A., as required by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). SED is not a proper or necessary party to this dispute. Indeed, in a related suit by the same plaintiff, representing the same child, against the same defendants, this Court recently dismissed all claims against SED brought by Mrs. Avaras on behalf of A.A. under the IDEA because "the Department is not a proper or necessary party to Plaintiff's IDEA claims." *Avaras v. Clarkstown C.S.D.*, No. 15 Civ. 2042 (NSR), 2017 WL 3037402, at *26 (S.D.N.Y. July 17, 2017) (*see* Siegel Decl. Exh. 3). In an even more recent decision, this Court dismissed claims against SED brought by Mrs. Avaras on behalf of A.A.'s brother, N.A., ruling that SED "is not the proper party to a suit challenging an administrative determination as to the sufficiency of the IEPs provided by the local education agency." *Avaras v. Clarkstown C.S.D.*, No. 15 Civ. 9679 (NSR), 2018 WL 4964230, at *8 n.8 (S.D.N.Y. Oct. 15, 2018) (*see* Siegel Decl. Exh. 7). SED is likewise not a proper party to plaintiff's IDEA claims in this case, and plaintiff can obtain complete relief against the School District Defendants. *See* Point I, *infra.* Plaintiffs' claims under the IDEA, Rehab Act and ADA fail for lack of subject matter jurisdiction. *See* Points II & III.A, *infra.*

Further, in both prior cases brought by Mrs. Avaras, this Court dismissed all of Mrs. Avaras's claims against SED under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101,

-1-

*et seq.* ("ADA"), section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Rehab Act" or "Section 504"), the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("§ 1983"), and the New York Education Law (the "Education Law") for failure to state a claim. *Avaras*, 2017 WL 3037402, at *26-28; *Avaras*, 2018 WL 4964230, at *16-19. Here, too, plaintiff fails to state any claim under the same statutes against SED. *See* Points I, II-IV. Finally, plaintiff's claims against SED under § 1983 and state law are barred by Eleventh Amendment immunity. *See* Point IV. For these reasons, the complaint against SED should be dismissed in its entirety and with prejudice.

## LEGAL BACKGROUND

The IDEA is comprehensive federal legislation that funds and regulates the education of children with disabilities. Federal assistance to states under the IDEA is conditioned upon the existence of policies and procedures to ensure that children with disabilities are provided certain substantive opportunities, including a FAPE, and procedural protections. *See* 20 U.S.C. § 1412(a). Responsibilities are divided between local educational agencies, such as the School District Defendants, which in most cases are the direct providers of special education programs and services, *see id.* § 1413, and state educational agencies, such as SED, which are given general supervisory authority, *see id.* § 1412(a)(11)(A). In New York, local school districts are required to develop an individualized education program ("IEP") for each child with a disability in their jurisdictions and to review and, if appropriate, revise such IEP annually. *See* N.Y. Educ. Law § 4402(1) (b)(2); 8 N.Y.C.R.R. § 200.4(d)(2) and (e); *see also* 20 U.S.C. § 1414(d)(2)(A); 34 C.F.R. § 300.323(a). These programs, developed by a committee including the child's parents and educators, describe the child's performance, list the services to be provided, and set out a series of goals. *See* 20 U.S.C. § 1414(d)(1); 34 C.F.R. §§ 300.320-322; N.Y. Educ. Law § 4402(1); 8 N.Y.C.R.R. § 200.4(d)(2).

A substantial amount of IDEA litigation -- including this action -- involves attempts by parents who have placed their child in a private school to compel their local school district to

reimburse them for the costs of that private school enrollment. Under settled law, such reimbursement is warranted only if it is determined that the school district had not made a FAPE available to the child in a timely manner prior to the private placement, the private placement was appropriate, and equitable considerations favor reimbursement. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230 (2009); *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993); *Sch. Cmte. of The Town of Burlington, Mass. v. Dep't of Educ.*, 471 U.S. 359 (1985); 20 U.S.C. § 1412(a)(10)(C)(ii); 34 C.F.R. § 300.148(c)-(d).

To request such reimbursement, or to dispute another aspect of their child's educational program, parents must first present a complaint to the local school district and request an "impartial due process hearing." 20 U.S.C. § 1415(f)(1)(A); 34 C.F.R. § 300.511; N.Y. Educ. Law § 4404(1)(a); 8 N.Y.C.R.R. §§ 200.5(i)-(j). The school district then appoints an impartial hearing officer ("IHO"), through a rotational selection process, from a list of available IHOs who have successfully completed a training program and have been certified by SED. *See* N.Y. Educ. Law § 4404(1)(c); 8 N.Y.C.R.R. §§ 200.1(x), 200.2(b)(9), 200.2(e)(1), 200.5(j)(3). The IHO then conducts an impartial hearing at which the parties have the right to be accompanied and advised by counsel, and certain other individuals with special knowledge or training; present evidence and confront, cross-examine, and compel the attendance of witnesses; prohibit the introduction of any evidence at the hearing that has not been disclosed five business days before the hearing; and obtain a verbatim record of the proceeding. 20 U.S.C. § 1415(f)(2)(A), 1415(h)(1)-(3); 34 C.F.R. §§ 300.512(a)(1)-(4); 8 N.Y.C.R.R. §§ 200.5(j)(3)(v), (vii), (xii). The IHO then determines whether the LEA provided the student with a FAPE. The IHO must render and transmit a final written decision in the matter to the parties not later than 45 days after the expiration period or adjusted period for the resolution

process.  34 C.F.R. §§ 300.510(b)(2), (c), 300.515(a); 8 N.Y.C.R.R. § 200.5(j)(5).  The decision of the IHO is binding upon both parties unless appealed.  N.Y. Educ. Law § 4404(1).

The IDEA also allows states to set up a second-tier administrative review process, and New York has done so.  Any party aggrieved by an IHO's decision can appeal to SED, which is required to conduct an "impartial review" and make an "independent decision."  20 U.S.C. § 1415(g); 34 C.F.R. § 300.514(b).  SED administers this process through the Office of State Review and the appointment of State Review Officers who are independent of, and do not report to, the SED office responsible for the general supervision of educational programs for students with disabilities.  N.Y. Educ. Law § 4404(2); 8 N.Y.C.R.R. §§ 200.5(k), 279.1-279.14.  The State Review Officer ("SRO") must issue a decision within 30 days of the appeal unless a specific extension of time is requested by a party and granted by the reviewing official.  34 C.F.R. § 300.515(b); 8 N.Y.C.R.R. § 200.5(k)(2).

The decision reached by an SRO may, in turn, be appealed through a civil action in federal or state court.  *See* 20 U.S.C. §§ 1415(i)(1)(B), 1415(i)(2)(A); 34 C.F.R. §§ 300.514(d), 300.516; N.Y. Educ. Law § 4404(3).  The reviewing court is required to receive the administrative record, hear additional evidence at the request of a party if warranted, and grant appropriate relief.  20 U.S.C. § 1415(i)(2)(C).

## PROCEDURAL BACKGROUND

This is the fourth federal action filed by plaintiff challenging an SRO's decision related to whether the School District Defendants provided a FAPE to A.A. under the IDEA.  In March 2015, Mrs. Avaras sued the School District Defendants, certain of their employees, IHO Wendy Branderburg and SED, alleging violations of the IDEA, the ADA, the Rehab Act, § 1983 and the N.Y. Education Law, for allegedly failing to provide A.A. with a FAPE during the 2012-13 and 2013-14 school years.  Plaintiff sought reimbursement of tuition and related expenses, compensatory and punitive damages, and attorneys' fees.  *Avaras v. Clarkstown C.S.D.*, No. 15 Civ. 2042 (NSR)

(S.D.N.Y.); Compl. (Siegel Decl. Exh. 1) ¶ 3(b).  By Opinion and Order dated July 17, 2017, this Court dismissed all claims against SED, including those asserted under the IDEA, the Rehab Act, the ADA, § 1983 and the Education Law.  *Avaras v. Clarkstown C.S.D.*, 2017 WL 3037402, at *12 n.16 & *26-28 (S.D.N.Y. July 17, 2017) (copy annexed as Exh. 3 to the Siegel Decl.).  In that order, this Court also: dismissed claims against the School District Defendants under the Rehab Act, the ADA and § 1983; affirmed SRO Justyn Bates's dismissal of IDEA claims related to school years prior to 2012-13 as time-barred; reversed the SRO and found that the School District Defendants denied A.A. a FAPE during the 2012-13 school year; affirmed the SRO's ruling that the School District Defendants denied A.A. a FAPE during the 2013-14 school year; found that Hawk Meadow Montessori school was an appropriate placement for A.A.; and remanded to the IHO to determine whether the equities favored the School District Defendants reimbursing plaintiff for tuition at Hawk Meadow for the 2012-13 and 2013-14 school years.  Finally, the Court directed plaintiff and the School District Defendants to file a new complaint should either party wish to appeal the administrative decisions after remand.  *Id.*[1]

Following that remand, SRO Bates issued a decision holding that equitable considerations weighed in favor of reimbursing plaintiff for the cost of tuition in 2012-13 school year, but not for the 2013-14 school year, partially reversing and partially affirming the IHO.  Siegel Decl. Exh. 6.

In response, the School District Defendants and plaintiff each commenced separate but related actions seeking review of SRO Bates's December 13, 2017 decision:  *Avaras v. Clarkstown C.S.D.*, Nos. 18 Civ. 2976 and 18 Civ. 3484 (NSR) (S.D.N.Y.).  Those two cases are currently pending before this Court, in addition to the instant case, which is described below.

---

[1]  Plaintiff appealed this Court's July 17, 2017 order as against the School District Defendants, but did not appeal the ruling dismissing SED as a defendant.  *See* Second Circuit Docket No. 17-2528, ECF 105.  The School District Defendants cross-appealed this Court's July 17, 2017 Order.

**STATEMENT OF THE CASE**

Plaintiff alleges that her child A.A. is sixteen years old and has been diagnosed with attention deficit hyperactivity disorder, dyslexia and a learning disability. Compl. ¶ 46.[2]  On October 4, 2017, plaintiff served a due process complaint alleging that the School District failed to offer A.A. a FAPE during the 2014-15, 2015-16, 2016-17 and 2017-18 school years. *Id.* ¶ 79.  During that time plaintiff had unilaterally placed A.A. in the Hawk Meadow Montessori school ("Hawk Meadow") until the 2017-18 school year, when plaintiff unilaterally placed A.A. in the New York Military Academy (the "Military Academy").  Compl. ¶¶ 58, 88.  She sought reimbursement for A.A.'s tuition costs at Hawk Meadow for the 2014-15, 2015-16 and 2016-17 school years, and at the Military Academy for the 2017-2018 school year through his high school graduation.  Compl. ¶ 79.

After an impartial hearing lasting six days, the IHO found that plaintiff's claims related to the 2014-15 and 2015-16 school years were time-barred; that the School District had offered A.A. a FAPE for the 2016-17 and 2017-18 school years; that the School District had developed an appropriate IEP for the 2016-17 school year; that Hawk Meadow was not appropriate to meet A.A.'s needs; that the equitable considerations weighed against reimbursement of plaintiff for tuition at Hawk Meadow and the Military Academy; and that plaintiff had repeatedly refused to participate in the development of an IEP for the 2017-18 school year.  Compl. ¶ 81; Siegel Decl. Exh. 5 at 5-6. The IHO accordingly denied plaintiff's requests for tuition reimbursement.  *Id.*  Plaintiff appealed to the SRO, who dismissed her appeal as untimely after her counsel filed it one day late without good cause.  Compl. ¶¶ 4, 143; Siegel Decl. Exh. 5 at 6-9.

Plaintiff commenced this action on August 3, 2018, seeking review of the decisions by the IHO and SRO.  It was filed as a related case to the three prior actions described above.  *See* Related

---

[2]    SED accepts plaintiff's well-pleaded facts in the complaint only for purposes of this motion.

Case Affirmation (ECF 3).  In the instant action, plaintiff alleges four claims against the School

District Defendants and SED under the IDEA (a claim for each of the four years at issue), as well as

claims under the Rehab Act, ADA, § 1983 and the Education Law.

On August 14, 2018, plaintiff sought preliminary injunctive relief compelling the payment of

A.A.'s tuition and related expenses at the Military Academy for the upcoming school year.  By

Amended Interim Order dated August 27, 2018, this Court enjoined the School District Defendants

-- but not SED -- to pay A.A.'s tuition for the boarding program for the 2018-19 school year at the

Military Academy.  *See* 8/27/18 Amended Interim Opinion & Order (ECF 30).  This motion

followed.

### STANDARD OF REVIEW

**A.     Fed. R. Civ. P. 12(b)(1)**

Under Fed. R. Civ. P. 12(b)(1), a complaint "is properly dismissed for lack of subject matter

jurisdiction … when the district court lacks the statutory or constitutional power to adjudicate it."

*Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  "In considering a motion to dismiss for lack of

subject matter jurisdiction, [courts] accept as true all material factual allegations in the complaint.

However, argumentative inferences favorable to the party asserting jurisdiction should not be

drawn." *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).  Plaintiff

bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction

exists.  *Makarova*, *supra*, 201 F.3d at 113.

**B.     Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges facts "consistent with" or "compatible with" liability fails to state a cognizable claim. *Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 680. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). Allegations that are not factual, however, but chiefly consist of argument or conclusion, need not be given any deference. *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

On a Rule 12(b)(6) motion, the Court must also ensure that the pleading requirements of Fed. R. Civ. P. 8(a)(2) are satisfied. *Twombly*, 550 U.S. at 555-56. Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

Rule 8(a)(2) also requires a complaint to be "plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

## I.     PLAINTIFF HAS FAILED TO STATE AN IDEA CLAIM AGAINST SED.

### A.  SED is Not a Proper Party to IDEA Claims.

An action may only be brought pursuant to the IDEA with respect to a matter that could

have been raised in an administrative due process complaint.  *See* 20 U.S.C. § 1415(i)(2)(A); *see also Cty. of Westchester v. N.Y.*, 286 F.3d 150 (2d Cir. 2002) (per curiam) (dismissing IDEA claim by district against SED to enforce interagency agreement requirement of 20 U.S.C. § 1412(a)(12)); *Scaggs v. N.Y. State Dep't of Educ.*, No. 06 Civ. 0799 (JFB) (VVP), 2007 WL 1456221, at *9 (E.D.N.Y. May 16, 2007) ("Section 1415 provides the only explicit private right of action under IDEA [so] any IDEA claims must be brought pursuant to Section 1415.").

The IDEA claims in this action involve judicial review, pursuant to 20 U.S.C. § 1415(i)(2)(A), of decisions by an IHO and an SRO in an administrative proceeding between plaintiff and the relevant Local Educational Agency ("LEA") -- here, defendant Clarkstown Central School District ("Clarkstown").  Compl. ¶¶ 164-84.  Plaintiff seeks reimbursement for private school tuition and related expenses.  *Id.*, pp. 68-69.  However, plaintiff may not obtain such relief against SED under the IDEA because SED is not a proper party to a claim that the School District Defendants failed to provide A.A. with a FAPE.

As mentioned, this Court recently held in two recent suits by the same plaintiff against the same defendants, that her children's "tuition and related expenses" cannot be sought from SED under the IDEA and must be dismissed because "the Department is not a proper or necessary party to Plaintiff's IDEA claims."  *Avaras, supra*, 2017 WL 3037402, at *26; *Avaras, supra*, 2018 WL 4964230, at *8 n.8, 16.  SED is likewise not a proper party to plaintiff's IDEA claims in this case, and plaintiff can obtain complete relief against the School District Defendants.

Numerous courts within the Second Circuit, including this Court, have applied this rule and dismissed IDEA claims against SED.  Thus, in *J.E. v. Chappaqua C.S.D.,* No. 14 Civ. 3295 (NSR), 2015 WL 4934535, *7 (S.D.N.Y. Aug. 17, 2015), this Court held that SED is not a proper party to an action seeking tuition reimbursement and dismissed the plaintiff's IDEA claim against SED.  In

so holding, your Honor cited *B.J.S. v. State Educ. Dep't/Univ. of N.Y.*, 699 F. Supp. 2d 586 (W.D.N.Y. 2010) and *Adrian R. ex rel. Esther D. v. New York City Bd. of Educ.*, No. 99 Civ. 9064 (WK)(JCF), 2001 WL 1175103 (S.D.N.Y. Oct. 2, 2001).

The Court in *B.J.S.* held that a dispute over an educational placement is a dispute "between the student, or, as here, the student's parents, and the local education agency" -- and that the "N.Y. State Department of Education may not be sued as a defendant." *B.J.S.,* 699 F. Supp. 2d at 599-601 (W.D.N.Y. 2010) (collecting cases).

The *Adrian R.* court held that "[s]ince this Court can order the Board of Education to provide Plaintiff with the requested educational services, the State Defendants are not necessary to this action. If Plaintiffs prevail in this action, they can obtain complete relief from the local Board of Education." *Adrian R., supra*, 2001 WL 1175103, at *1. The same rule applies here.

Other cases within this Circuit are to the same effect. *See, e.g., Y.D. v. N.Y.C. Dep't of Educ.*, No. 14 Civ. 1137 (LTS), 2016 WL 698139, at *5 (S.D.N.Y. Feb. 19, 2016) (dismissing IDEA claim against SED, its Commissioner of Education, a SRO and a former SRO, and stating that "[b]ecause the SED and its representatives are not 'parties to the underlying dispute' for the purposes of Section 1415, they are not proper parties to a private lawsuit brought pursuant to that section."); *B.J.S. v. State Educ. Dep't/Univ. of N.Y.*, No. 07 Civ. 456A(F), 2011 WL 3651051, at *18 (W.D.N.Y. Aug. 18, 2011) (granting SED's motion to dismiss, and holding that SED "may not be sued as a defendant to an IDEA action brought pursuant to § 1415(i)(2)(A) challenging the failure to provide an eligible student with a proper IEP to effectuate an FAPE"), *adopted by* 2011 WL 4549192 (W.D.N.Y. Sept. 29, 2011); *see also Wood v. Kingston City Sch. Dist.*, No. 08 Civ. 1371 (NAM/RFT), 2010 WL 3907829, at *10 (N.D.N.Y. Sept. 29, 2010) (noting that "courts in the Second Circuit have held that neither the SED nor Commissioner are proper or necessary parties to an appeal of hearing

-10-

officer's decision under the IDEA") (citations, quotation marks and brackets omitted); *Yamen v. Bd. of Educ. of Arlington C.S.D.*, 909 F. Supp. 207, 210-11 (S.D.N.Y. 1996) (holding that SED and the state education commissioner "are not proper parties to this action" under the IDEA).

Thus, as this Court recently held, SED is not a necessary party for plaintiff to receive complete relief under the IDEA. Indeed, IDEA review proceedings regularly proceed without inclusion of the State Educational Agency ("SEA") as a party. *See, e.g., T.M. v. Cornwall C.S.D.*, 752 F.3d 145 (2d Cir. 2014); *C.F. v. N.Y. City Dep't of Educ.*, 746 F.3d 68 (2d Cir. 2014); *C.L. v. N.Y.C. Dep't of Educ.*, 552 Fed. App'x 81 (2d Cir. 2014); *F.L. v. N.Y.C. Dep't of Educ.*, 553 Fed. App'x 2 (2d Cir. 2014); *M.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131 (2d Cir. 2013); *K.L. v. N.Y.C. Dep't of Educ.*, 530 Fed. App'x 81 (2d Cir. 2013); *P.K. v. N.Y.C. Dep't of Educ.*, 526 Fed. App'x 135 (2d Cir. 2013); *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167 (2d Cir. 2012).

SED was not involved in the underlying administrative proceeding, which is appropriate because the LEA is responsible for providing students with a FAPE, as plaintiff concedes. Compl. ¶ 12. If Clarkstown failed to provide A.A. with a FAPE, complete relief may be had against Clarkstown. It is evident that SED is not a necessary or proper defendant here and relief may not issue against SED.

**B. The IDEA Bars Any Claim Based on SED's General Supervisory and Monitoring Duties.**

To the extent any of plaintiff's IDEA claims are based on SED's alleged failure to "supervise" or "monitor" Clarkstown's compliance with the IDEA, Compl. ¶ 213, there is no private right of action under the IDEA for such a claim, and plaintiff has failed to adequately plead that SED violated a duty to plaintiff.

An individual claiming a violation of a statutory command cannot automatically bring a federal lawsuit, but must instead show that Congress has created a federal private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001); *Cenzon-DeCarlo v. Mount Sinai Hosp.*, 626 F.3d 695,

-11-

697 (2d. Cir. 2010). In passing the IDEA, Congress created a narrow private right of action that allows only a small subset of the statute's provisions to be enforced through direct IDEA claims. Specifically, an action may only be brought pursuant to the IDEA with respect to a matter that could have been raised in an administrative due process complaint and then, only as against the LEA. *See* 20 U.S.C. § 1415(i)(2)(A); *see also Cty. of Westchester*, 286 F.3d at 150; *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1022 (7th Cir. 2002); *Scaggs, supra*, 2007 WL 1456221, at *9.

The Second Circuit has stressed that this limited right is the IDEA's only express private right of action, and that its creation, along with the grant of enforcement powers to the U.S. Secretary of Education, makes it "extremely unlikely" that Congress intended to create additional implied IDEA private rights of action. *See Cty. of Westchester*, 286 F.3d at 152-53; *Scaggs, supra*, 2007 WL 1456221, at *9. Thus, there is no right of action against an SEA for failure to monitor the activities of an LEA.

Indeed, it is eminently reasonable that an SEA cannot be forced to answer for the alleged failings of an LEA under the IDEA. While SEAs, such as SED, exercise general supervisory and monitoring authority, that authority is framed broadly in the statute and SEAs possess considerable discretion in exercising such authority. *See A.A. v. Philips*, 386 F.3d 455, 459 (2d Cir. 2004). The Second Circuit has recognized that "the specific requirements" of the SEA's responsibilities under the IDEA are "not set forth in the statute," and that "the SEA has discretion to work with the LEA to ensure compliance with the IDEA." *Id.* As the Second Circuit noted, "[i]t would be odd indeed if the state agency given discretion to monitor compliance with [the IDEA] were forced to shoulder the burden of establishing the adequacy of its efforts when confronted with merely a complaint in federal court." *Id.*

Therefore, Plaintiff cannot assert a claim against an SEA, such as SED, under the IDEA

-12-

based on allegations of actions or omissions of an LEA, such as Clarkstown. *See Mr. & Mrs. B. v. Bd. of Educ. of Syosset Sch. Dist.*, No. 96 Civ. 5752 (FB), 1998 WL 273025, at *4 (E.D.N.Y. Jan. 15, 1998) ("broad and conclusory allegations that SED has failed to meet its statutory responsibilities do not state a claim."). Although New York law generally gives SED authority to "use all means and measures to adequately meet the physical and educational needs of [disabled] children," *see* N.Y. Educ. Law § 4403, it does not follow that SED is then directly responsible for assuring every aspect of a local school district's compliance with the IDEA. *See Wenger v. Canastota C.S.D.*, No. 95 Civ. 1081 (FJS) (GJD), 2004 WL 726007, at *7 (N.D.N.Y. Apr. 5, 2004) ("As to Plaintiff's father's claim that [the SED Commissioner] failed to take affirmative measures to remedy the actions of the [LEA], Plaintiff's father fails to allege when and how [the Commissioner] failed to take these measures.") (internal quotation marks omitted).

Indeed, the complaint fails to state a claim that SED violated the IDEA. Plaintiff's assertion of an IDEA violation by SED based on Clarkstown's alleged failure to provide a FAPE is the kind of "legal conclusion" and "mere conclusory statement" that is "not entitled to the assumption of truth" and is insufficient to state a claim unless supported by concrete factual allegations. *Iqbal, supra*, 556 U.S. at 678.

## C.  Plaintiff Has Failed to Allege a Systemic Violation of the IDEA.

Even if a private right of action under the IDEA were available against SED, plaintiff's allegations are insufficient to meet the generally-applicable pleading standard that requires every complaint to contain specific factual allegations that state a plausible claim to relief. *Iqbal, supra*, 556 U.S. at 678. Specifically, plaintiff fails to adequately allege a systemic violation by SED, which would be the only way to state a valid claim against SED. *J.E., supra,* 2015 WL 4934535, at *8. Paragraph 158 in the complaint contains the only arguable allegation of systemic IDEA violations. There plaintiff alleges that in several years Clarkstown underperformed against state targets in the areas for

-13-

Grades 3-8 English Language Arts and Math.  Compl. ¶ 158.  However, that allegation does not state a claim, for several reasons.

*First*, despite her attempt to frame a systemic claim against SED, plaintiff does not actually state a systemic claim.  Rather, plaintiff seeks tuition relief personal to her child, A.A.  The Second Circuit has held that complaints seeking relief for a single student do not allege "system-wide violation of the IDEA's mandates."  *Cave v. E. Meadow U.F.S.D.,* 514 F.3d 240, 250 (2d Cir. 2008).  *See also Y.D. v. NYCDOE, supra,* 2016 WL 698139, at *5 ("Courts have … consistently held that the IDEA's private right of action does not authorize claims against State agencies that are rooted in the State's general supervisory role under the IDEA."); *Mr. & Mrs. B, supra*, 1998 WL 273025, at *4 ("this case is not a class action directed at remedying systemic or structural deficiencies.  Rather, this case involves an individual student's IEP.").  The gravamen of the Complaint is the payment of tuition, board and related services for A.A., Compl. ¶ 6, which is a personal claim, not a systemic claim.[3]  That personal claim is not transformed into a systemic claim through bare allegations that SED is responsible for Clarkstown allegedly failing to provide a FAPE to A.A.  Indeed, to hold otherwise would mean that an SEA, such as SED, could be held liable for the actions or omissions of an LEA, such as Clarkstown, in virtually all cases.  However, courts have clearly rejected that approach.  *Cave, supra*; *Y.D. v. NYCDOE, supra.*

*Second*, the complaint does <u>not</u> allege facts showing that SED knew that Clarkstown systematically violated the IDEA.  Compl. ¶ 158.  Plaintiff alleges that Clarkstown underperformed in several metrics, <u>not</u> that it systematically violated the IDEA.  *Id.*  Accepting plaintiff's allegations as true, these metrics fail to allege systemic violations.  Each year, pursuant to 34 C.F.R. § 300.600,

---

[3]    An example of a systemic claim can be found in *Heldman on behalf of T.H. v. Sobol*, 962 F.2d 148, 159 (2d Cir. 1992), which challenged New York State's procedure for selecting IHOs, as set forth in a state regulation implementing a state statute.  No such statewide challenge has been made in this case.

SED determines whether each public school district in the state meets the requirements of the IDEA, based on a range of information, and publishes the findings on SED's website.  Contrary to plaintiff's general allegations, SED determined for each of the years at issue in this case that Clarkstown "meets requirements" for compliance with the IDEA.  The results of that review are published on SED's website and the information that Clarkstown met the IDEA's requirements is publicly available.  Siegel Decl. ¶ 6 & Exh. 4.  The bare allegations of systemic violations of the IDEA are thus contradicted by the record, and do not state a claim, as this Court held in a prior case brought by Mrs. Avaras.[4]  *Avaras v. Clarkstown*, *supra*, 2018 WL 4964230, at *17 (citing *C.L. ex rel. K.L. v. Hastings-on-Hudson Union Free Sch. Dist.*, No. 14 Civ. 4422 (NSR), 2015 WL 1840507, at *6 (S.D.N.Y. Apr. 21, 2015) (dismissing claims against SED where publicly available, judicially-noticeable information suggested that the school district was meeting IDEA benchmarks); *Perry v. NYSARC, Inc.*, 424 Fed. Appx. 23, 25 (2d Cir. 2011) (presumption of truth inapplicable to "factual assertions that are contradicted…by facts of which the court may take judicial notice").

*Third*, plaintiff alleges that in several years Clarkstown underperformed against state targets in the areas for Grades 3-8 English Language Arts and Math.  Compl. ¶ 158.  However, an allegation that similarly situated special needs students were not provided with services that were required by law fails to allege systemic violations.  *Intravaia ex rel. Intravaia v. Rocky Point U.F.S.D.*, 919 F. Supp. 2d 285, 294 (E.D.N.Y. 2013) (citing *Cave*, 514 F.3d at 249).[5]

---

[4]    The Court may take judicial notice of information on SED's website.  *Fernandez v. Zoni Language Centers, Inc.*, No. 15 Civ. 6066 (PKC), 2016 WL 2903274, at *3 (S.D.N.Y. May 18, 2016), *aff'd*, 858 F.3d 45 (2d Cir. 2017) (dismissing complaint after taking judicial notice of SED certificates and information on website of United States Department of Education).

[5]    Plaintiff also alleges that in one prior year, Clarkstown failed to provide for transition planning in an IEP, Compl. ¶ 158, but "there is no requirement that an IEP specify a transition plan for a student attending a new school placement." *A.L. v. NYCDOE*, 812 F. Supp. 2d 492, 505 (S.D.N.Y. 2011) (citing *E.Z.-L ex rel. R.L. v. NYCDOE*, 763 F.Supp.2d 584, 594 (S.D.N.Y. 2011), *aff'd sub nom. R.E. v. New York City Dep't of Educ.*, 694 F.3d 167 (2d Cir. 2012)).

**D. There is No Private Right of Action Based on Alleged SRO Bias and, In Any Event, Plaintiff Has Failed to Plausibly Allege that the SRO Was Biased.**

**1. The IDEA Does Not Provide a Private Right of Action for an SRO Bias Claim.**

The Second Circuit has held that the IDEA's only express private right of action is provided by 20 U.S.C. § 1415(i)(2)(A), and has declined to find an implied right of action. *See County of Westchester* v. *New York*, 286 F.3d 150, 153 (2d Cir. 2002); *see also Scaggs*, 2007 WL 1456221, at *9; *Reid L.*, 289 F.3d at 1022. Plaintiff's bias claim is not the type of claim that can be raised through an administrative complaint, which may only be brought "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A); *see, e.g.*, *Canton Bd. of Educ. v. N.B.*, 343 F. Supp. 2d 123, 127-28 (D. Conn. 2004). Thus, any claim against SED premised on purported SRO bias should be dismissed by the Court, pursuant to Rule 12(b)(6), on the ground that such claim does not fit within the limited private right of action provided by the IDEA.

**2. Even if Plaintiff Could Assert an SRO Bias Claim, Such a Claim Would be Moot.**

Plaintiffs' SRO bias claim is jurisdictionally barred on mootness grounds. Under the Article III mootness doctrine, a suit must be dismissed, at any stage of review, if the plaintiff's interest in the outcome disappears due to intervening events. *See, e.g.*, *Muhammad* v. *City of New York Dep't of Corrections*, 126 F.3d 119, 122-23 (2d Cir. 1997). Here, this Court's review of the administrative record as part of this proceeding constitutes just such an intervening event.

Because this Court will have the opportunity to independently review the decisions of the IHO and SRO, and will resolve whether those decisions should be upheld under the IDEA, "any prejudice suffered by [plaintiff] would be mooted," and thus "there is no additional remedy that would be available to [plaintiff], even if [she] could show that [the IHO and SRO] lacked impartiality." *Wasser* v. *N.Y. State Office of Voc. & Educ. Servs. for Individuals with Disabilities*, 683 F. Supp. 2d 201, 218

(E.D.N.Y. 2008), *aff'd*, 602 F.3d 476 and 373 Fed. App'x 120 (2d Cir. 2010); *see also Wood, supra*, 2010 WL 3907829, at *10 (dismissing SRO bias claim alleged against SED where, upon the district court's independent review of the parents' challenge to the SRO's decision brought against the local school district, they "obtained all the relief to which they are entitled in connection with their quest for tuition reimbursement for the 2007-2008 school year"); *Adam J.* v. *Keller Indep. Sch. Dist.*, 328 F.3d 804, 809 (5th Cir. 2003) (rejecting bias claims in part because district court's review was "virtually *de novo*"); *Logue* v. *Shawnee Mission Pub. Sch. Unified Sch. Dist. No. 512*, 959 F. Supp. 1338, 1343-44 (D. Kan. 1997) (noting that allegations of bias were "beside the point"), *aff'd*, 153 F.3d 727 (10th Cir. 1998); *Taylor* v. *Vt. Dep't of Educ.*, 313 F.3d 768, 795 (2d Cir. 2002) (the plaintiffs were not prejudiced by the magistrate judge's refusal to recuse, in part because the judge's rulings were subject to *de novo* review).

No matter the outcome here, given this Court's independent review of the IHO and SRO decisions, plaintiff no longer has an interest in the adjudication of her alleged bias claim. *See, e.g.*, *Wasser*, 683 F. Supp. 2d at 218; *Gagliardo v. Arlington C.S.D.*, 418 F. Supp. 2d 559, 570-71 (S.D.N.Y. 2006); *Wood, supra*, 2010 WL 3907829, at *10. Accordingly, any alleged bias claim against SED fails on mootness grounds and, for this reason alone, should be dismissed by the Court with prejudice.

**3. Even if Plaintiff Could Sue for SRO Bias, She Failed to State an SRO Bias Claim.**

Plaintiff's only allegation of wrongdoing by SED is that the SRO was biased because he "ignored" evidence that plaintiff presented. Compl. ¶¶ 210-11.[6] The SRO did not ignore evidence. Plaintiff's complaint is that the SRO dismissed her appeal because it was filed one day late. Compl. ¶¶ 3(h), 4, 143. However, an SRO, "in his or her sole discretion, may excuse a failure to timely serve or file a petition for review within the time specified for good cause shown." 8 N.Y.C.R.R. § 279.13.

---

6   Plaintiff also alleges that SED failed to remedy IDEA violations by the School District Defendants. Compl. ¶ 158. However, as discussed above, this allegation fails to state a claim and is factually false, as shown by documentary evidence.

-17-

The SRO issued a reasoned decision concluding that plaintiff failed to show good cause for her counsel's failure to timely file the administrative appeal. Siegel Decl. ¶ 7 & Exh. 5 at 7-9.

There is no plausible claim that the SRO was biased because he dismissed an untimely appeal by plaintiff's counsel. While plaintiff may disagree with the SRO's decision, the SRO clearly acted within his discretion in declining to excuse an appeal filed late by counsel. There is a plethora of case law, which the SRO cited in his reasoned decision, upholding dismissals of administrative appeals filed one to three days late. *See id.*, citing *New York City Dep't of Educ. v. S.H.*, No. 13 Civ. 3499 (AJN), 2014 WL 572583, at *5-7 (S.D.N.Y Jan. 22, 2014) (dismissing case for failure to exhaust administrative remedies because counsel filed administrative appeal one day late; SRO did not abuse his discretion by strictly adhering to time limit because, as here, counsel should not have waited until last day to appeal and should not have assumed that process server would complete service on the same day) and *Kelly v. Saratoga Springs C.S.D.*, No. 09 Civ. 276 (GLS), 2009 WL 3163146, at *4-5 (N.D.N.Y. Sep. 25, 2009) (dismissing case after finding that SRO did not act in an arbitrary or capricious manner by dismissing administrative appeal filed three days late, based on relevant case law cited by the SRO to support his decision).

Other cases are to the same effect. *See R.S. v. Bedford C.S.D.*, 899 F. Supp. 2d 285, 288–89 (S.D.N.Y. 2012) (parent failed to exhaust administrative remedies, thereby depriving the court of subject matter jurisdiction, where parent's counsel timely served counsel for school district, but did not serve the school district itself until one day after the deadline; court rejected claim that SRO was biased because he dismissed untimely appeal); *R.P. v. Pelham Union Free Sch. Dist.*, No. 16 Civ. 02898 (NSR) (TPG), 2017 WL 4382190, at *4 (S.D.N.Y. Sept. 29, 2017) (SRO's dismissal of administrative appeal filed five days late was not arbitrary or capricious).

Further, SED regulations define and prohibit bias by State Review Officers. 8 N.Y.C.R.R. §

-18-

279.1(c).  That regulation mandates that an SRO have "no personal, economic, or professional interest in the hearing [the SRO] is assigned to review."  Id. § 279.1(c)(4).  But, hearing officers have a "presumption of honesty and integrity," *Withrow v. Larkin*, 421 U.S. 35, 47 (1975), and "[a]bsent any evidence casting doubt on the impartiality of the local or the state review officers who would examine appellants' claims, we cannot presume that they would be biased."  *Cave*, 514 F.3d at 249.

There is no plausible allegation in the complaint that the SRO was biased or violated Reg. 279.1(c).  This Court previously affirmed two rulings by SRO Bates, one of which ran in plaintiff's favor.  *Avaras*, 2017 WL 3037402, at *28.  On remand from this Court, the SRO issued another ruling favorable to plaintiff.  Siegel Decl. Exh. 6 at 9.  The SRO is not biased because he disagreed with plaintiff on other occasions.  *U.S. v. I.B.M. Corp.*, 618 F.2d 923, 930 (2d Cir. 1980) ("Even if [adverse rulings] were deemed to be incorrect, it of course does not follow that they were motivated by personal bias").

Allegations that an SRO is biased because he decided appeals in favor of a school district do not state a claim, even if the SRO has often decided cases in favor of school districts.  *E.Z.-L. ex rel. R.L. v. New York City Dep't of Educ.*, 763 F. Supp. 2d 584, 595 n.7 (S.D.N.Y. 2011), *aff'd sub nom. R.E. v. New York City Dep't of Educ.*, 694 F.3d 167 (2d Cir. 2012) (plaintiff failed to show bias by alleging that SRO issued decisions that were unfavorable to disabled children and had a personal relationship with an attorney who works for SED); *H.C. v. Katonah-Lewisboro Union Free Sch. Dist.*, No. 09 Civ. 10563 (PED), 2012 WL 2708394, at *17 (S.D.N.Y. May 24, 2012), *aff'd*, 528 F. App'x 64 (2d Cir. 2013) (same); *T.W. v. Spencerport C.S.D.*, 891 F. Supp. 2d 438, 442 (W.D.N.Y. 2012) (granting motion to dismiss and rejecting bias claim); *Adrianne D. v. Lakeland C.S.D.*, 686 F. Supp. 2d 361, 368 (S.D.N.Y. 2010) (granting motions to dismiss by SED and its Commissioner because, *inter alia*, allegations that "over eighty-six percent of the SRO's decisions in [two years] were unfavorable to

-19-

disabled children, and that the SRO allegedly resides with the Commissioner's Chief Counsel, … are not sufficient to allege that the SRO is biased."); *W.T. & K.T. ex rel. J.T. v. Bd. of Educ. of Sch. Dist. of New York City*, 716 F. Supp. 2d 270, 285 (S.D.N.Y. 2010)(same). There is no plausible claim against SED based on alleged SRO bias for the simple reason that plaintiff has failed to allege a single fact that suggests the SRO was biased in the first place.

Further, even if plaintiff had plausibly alleged that the SRO was biased – and she has not – that does not state a claim against SED.  Plaintiff alleges only that SED employs the SRO, and nothing more.  Compl. ¶¶ 200, 210.  That allegation fails to state a claim of wrongdoing by SED.  By regulation, State Review Officers are "independent of, and shall not report to, the office of the State Education Department responsible for the general supervision of educational programs for students with disabilities."  8 N.Y.C.R.R. § 279.1(c)(3).  Thus, the mere fact that SED employs the SRO does not and cannot create a claim of bias against SED.

Beyond plaintiff's implausible claim of SRO bias – which amounts to disagreeing with the SRO's decision – there are simply no allegations of wrongdoing alleged against SED.  "It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted."  *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (citing cases), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000); *see also Carr v. Cty. of Sullivan*, No. 16 Civ. 06850 (NSR), 2018 WL 3733952, at *6 (S.D.N.Y. Aug. 3, 2018) (dismissing complaint which "read[] as though Defendants acted in unison during the events that gave rise to Plaintiff's claims" and failed to allege each defendant's wrongdoing); *Holmes v. Capra*, No. 17 Civ. 01313 (NSR), 2018 WL 3117511, at *4 (S.D.N.Y. June 25, 2018) (dismissing claims for failure to allege each defendant's participation in alleged wrongdoing).  At bottom, plaintiff cannot

assert a claim against SED because she disagrees with an SRO's decision, just as parties may not

assert a claim against the United States if they disagree with a federal judge's order.[7]

For all these reasons, any claim against SED based on allegations of SRO bias should be

dismissed in all respects, with prejudice.

## II.   PLAINTIFF'S IDEA CLAIMS AGAINST SED SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

This Court lacks subject matter jurisdiction over plaintiff's IDEA claims against SED

because she has failed to exhaust the administrative remedies prescribed by the IDEA with respect

to her claims against the School District Defendants.  "The purpose of the exhaustion rule is to

'channel disputes related to the education of disabled children into an administrative process that

could apply administrators' expertise in the area and promptly resolve grievances.'" *Cave v. E.

Meadow Union Free Sch. Dist.,* 514 F.3d 240, 245-46 (2d Cir. 2008) (quoting *Polera v. Bd. of Educ. of

Newburgh Enlarged City Sch. Dist.,* 288 F.3d 478, 487 (2d Cir. 2002)).  "Claims that in substance

challenge the adequacy and appropriateness of the services provided to a disabled student are best

resolved (or at least presented) administratively." *Piazza v. Florida Union Free Sch. Dist.*, 777 F. Supp.

2d 669, 682 (S.D.N.Y. 2011).  Indeed, Plaintiff concedes that "the IDEA requires exhaustion of

administrative remedies." Compl. ¶ 5.

The IDEA's exhaustion requirement is straightforward.  Before bringing an IDEA lawsuit

against an LEA, such as Clarkstown, a plaintiff is first required to seek relief from the IHO

appointed by the school and then timely appeal any adverse decision to a SRO.  *See* 20 U.S.C. §§

---

[7]   To the extent plaintiff alleges that the SRO was biased or ignored evidence because others disagree with the SRO's conclusions, that is a "commonplace" occurrence which fails to support a bias claim.  *C.R. v. New York City Dep't of Educ.*, 211 F. Supp. 3d 583, 606 (S.D.N.Y. 2016) (citing *R.R. ex rel. M.R. v. Scarsdale Union Free Sch. Dist.*, 366 Fed. App'x 239, 242 (2d Cir. 2010)).

1415(i)(1)(B), 1415(i)(2)(A); 34 C.F.R. §§ 300.514(d), 300.516; N.Y. Educ. Law § 4404(3).  As the

Second Circuit recently reiterated, failure to exhaust these steps "deprives the court of subject matter

jurisdiction."  *L.K. v. Sewanhaka Cent. High Sch. Dist.*, 641 F. App'x 56, 57 (2d Cir. 2016) (summary

order) (citing *Cave,* 514 F.3d at 245-46).  *See also H.B. v. Byram Hills C.S.D.*, No. 14 Civ. 6796 (VB),

2015 WL 5460023, at *3-4 (S.D.N.Y. July 20, 2015), *aff'd*, 648 F. App'x 122 (2d Cir. 2016) (granting

SED's motion to dismiss the plaintiffs' IDEA claim when the plaintiffs failed to meet their burden

of proving exhaustion would have been futile); *B.C. v. Mount Vernon City Sch. Dist.*, No. 11 Civ. 1411

(VB), 2014 WL 4468082, at *3-5 (S.D.N.Y. Aug. 28, 2014), *aff'd*, 837 F.3d 152 (2d Cir. 2016) and 660

F. App'x 93 (2d Cir. 2016).[8]

### III.   PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION UNDER THE REHAB ACT AND THE ADA FAIL TO STATE A CLAIM AGAINST SED.

Plaintiff's claims against SED under the Rehab Act and the ADA are nearly verbatim the

same, and do not allege any specific discrimination by SED.  *Cf.* Compl. ¶¶ 185-94 *with* 195-204.

These claims should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

### A.   The Rehab Act and ADA Claims Duplicate the IDEA Claims and Plaintiff Failed to Exhaust Administrative Remedies.

Plaintiff alleges that defendants violated the Rehab Act and the ADA by failing to provide

A.A. with a FAPE.  Compl. ¶¶ 187, 197.  The Rehab Act and ADA claims do not add anything to

plaintiff's IDEA claims alleging denial of a FAPE.  As a result, plaintiff's failure to exhaust her

administrative remedies under the IDEA deprives the Court of subject matter jurisdiction to address

these claims.  *Cave*, 514 F.3d at 246 (holding that district court lacked subject matter jurisdiction over

---

[8]   Plaintiff asserts that participating in the administrative process would be futile in this case, but does not explain how or why.  Compl. ¶ 5.  Such a conclusory invocation of the futility exception to the exhaustion requirement must fail.  *Piazza v. Fla. Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 685 (S.D.N.Y. 2011).  To the extent plaintiff alleges that she need not exhaust administrative remedies because she alleged systemic IDEA violations, *see Heldman, supra*, 962 F.2d at 159, this is incorrect, and is addressed in point I.C above.

-22-

Rehab Act, ADA and Section 1983 claims because plaintiff did not exhaust administrative remedies, and plaintiff cannot avoid exhausting administrative remedies by asserting claims under other statutes seeking relief that is not available under the IDEA); *Polera*, 288 F.3d at 480, 483 (same).

In addition, courts will dismiss Rehab Act and ADA claims when IDEA claims are dismissed on the same grounds. *Avaras, supra*, 2018 WL 4964230, at *17 ("[c]ourts routinely dismiss claims brought under Rehabilitation Act Section 504 and the ADA when IDEA claims are dismissed on the same grounds."); *N.L. v. Knox Cty. Schs.*, 315 F.3d 688, 696 (6th Cir. 2003) (remanding Rehab Act claims for a decision consistent with prior cases holding these claims are dismissed when IDEA claims brought on the same theory are dismissed); *Kerry M. v. Manhattan Sch. Dist. # 114*, No. 03 Civ. 9349 (RAG), 2004 WL 2538303, at *6 (N.D. Ill. Sept. 28, 2004) (dismissing ADA and Rehab Act claims on the same grounds as IDEA claims). Since the IDEA claims are subject to dismissal for the reasons set forth above, dismissal of the Rehab Act and ADA claims must necessarily follow.

## B.  Plaintiff Has Failed to State a Claim under the Rehab Act or the ADA.

Plaintiff has not stated a claim under § 504 of the Rehab Act or the ADA. As Your Honor held in plaintiff's related case on behalf of A.A:

> A plaintiff seeking to establish a prima facie case of discrimination under either the ADA or the RA must allege facts sufficient to establish that: "(1) plaintiff is a 'qualified individual with a disability;' (2) plaintiff was 'excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by [the] public entity;' and (3) 'such exclusion or discrimination was due to [plaintiff's] disability.'" *B.C. v. Mount Vernon School District*, 837 F.3d 152, 158 (2d Cir. 2016) (quoting *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)); *see Ortiz v. Westchester Med. Ctr. Health Care Corp.*, No. 15 Civ. 5432 (NSR), 2016 WL 6901314, at *9 (S.D.N.Y. Nov. 18, 2016) ("the same legal standards govern the disability provisions of the ADA [and] RA [Rehab Act]").

*Avaras, supra*, 2017 WL 3037402, at *27. Plaintiff entirely fails to satisfy these requirements.

*First*, as your Honor held in Mrs. Avaras's two prior cases, the definitions of disability are different under the IDEA and the ADA and Rehab Act, and "[t]hose seeking relief pursuant to

ADA or Section 504 must come forward with 'additional evidence'—beyond simply their eligibility for IDEA coverage—showing their eligibility for the remedies afforded by the ADA and Section 504." *Id.; see also Avaras, supra*, 2018 WL 4964230, *18 (both quoting *B.C.*, 837 F.3d at 161). In both prior cases your Honor dismissed plaintiff's ADA and Rehab Act claims for failing to allege that her children were limited in a major life function such that her children would qualify as disabled under the ADA and Rehab Act, even though the allegations of learning disabilities supported plaintiff's IDEA claims. *Id.* Plaintiff has not cured those deficiencies here.

> *Second*, as your Honor previously held in both of Mrs. Avaras's prior cases,

> Where, as here, the gravamen of the complaint is the denial of a free and appropriate public education, "there must be [at least allegations] that a school district acted with deliberate or reckless indifference to the student's federally protected rights or with 'bad faith or gross misjudgment.'" *Schreiber v. E. Ramapo Cent. Sch. Dist.*, 700 F. Supp. 2d 529, 564 (S.D.N.Y. 2010); *see also Pinn ex rel. Steven P. v. Harrison Cent. Sch. Dist.*, 473 F. Supp. 2d 477, 483 (S.D.N.Y. 2007) ("Where a plaintiff asserts denial of a free appropriate public education ..., plaintiff must demonstrate bad faith or gross misjudgment.") … Here, Plaintiff's IDEA claims do not plausibly allege the necessary degree of bad faith, gross misjudgment, or deliberate or reckless indifference required for disability discrimination claims under the ADA and RA.

*Avaras, supra*, 2017 WL 3037402, at *27; *see also Avaras, supra*, 2018 WL 4964230, *18. Because Plaintiff's claims in this case suffer from the same deficiencies, the same result should obtain here.

The Second Circuit has upheld the dismissal of claims where, as here, a plaintiff does not offer a factually plausible, non-conclusory allegation that the denial of benefits was the result of bad faith or gross misjudgment undertaken because of the disability. *See French v. New York State Dep't of Educ.*, 476 Fed. App'x 468, 473 (2d Cir. 2011) (summary order) (Rehab Act and ADA claims were properly dismissed where plaintiff failed to show that "the alleged 'discrimination' is anything more than a rehashing of her allegation that the defendants failed to provide her with a FAPE"); *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826 (2d Cir. 2014) (affirming grant of summary judgment dismissing Rehab Act claim because plaintiff alleged that the school district "deliberately" limited

-24-

accommodations to avoid triggering policies that would have required the development of an IEP, without pointing to any concrete evidence to support the assertion); *Wenger v. Canastota C.S.D.*, 979 F. Supp. 147, 152 (N.D.N.Y. 1997), *aff'd mem.*, 208 F.3d 204 (2d Cir. 2000) ("something more than a mere violation of the IDEA is necessary in order to show a violation of Section 504 in the context of educating children with disabilities, *i.e.,* a plaintiff must demonstrate that a school district acted with bad faith or gross misjudgment."); *Freydel v. New York Hosp.*, 242 F.3d 365, 2000 WL 1836755, at *3 (2d Cir. 2000) (finding no violation even where plaintiff "was clearly denied the interpreter services she required and was entitled to under the law" because she "failed to present sufficient evidence to persuade a reasonable jury that [defendant] acted with deliberate indifference to the likelihood of such a violation"); *Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park C.S.D.*, 368 F. Supp. 2d 313, 334 (S.D.N.Y. 2005) (citing *J.D. v. Pawlet Sch. Dist.*, 224 F.3d 60, 70 (2d Cir. 2000)) (an allegation that a school district offered a faulty IEP is insufficient to sustain a Rehab Act claim); *Zahran v. N.Y. Dep't of Educ.*, 306 F. Supp. 2d 204, 214 (N.D.N.Y 2004) (granting SED's motion to dismiss Rehab Act claim where plaintiff failed to assert plausible "allegations of bad faith or gross misjudgment").

Plaintiff does not allege any specific violation of the Rehab Act by SED beyond the general allegations that SED discriminated against A.A. because the SRO ignored critical evidence when he issued his decision. Compl. ¶¶ 186, 190. These conclusory allegations are insufficient to support claims under the Rehab Act or the ADA for discrimination based solely on disability. Moreover, the alleged denial of A.A.'s FAPE was a result of the school district's alleged actions. Since plaintiff does not allege any violation by SED beyond these general allegations and cannot establish a violation by SED under the Rehab Act or the ADA, these claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), just as your Honor held in plaintiff's prior cases. *Avaras*, 2017 WL 3037402, *27-28; *Avaras, supra*, 2018 WL 4964230, *18.

-25-

Finally, even if plaintiff asserted plausible allegations of "bad faith or misjudgment" against SED -- which she has not -- plaintiff's punitive damages claim against SED should nonetheless be dismissed, because any such punitive damage claims may not be brought under the Rehab Act or the ADA, "and are thus improper." *Keitt v. New York City*, 882 F. Supp. 2d 412, 425 (S.D.N.Y. 2011) (citing *Barnes v. Gorman,* 536 U.S. 181, 190 (2002)). For these reasons, plaintiff's Rehab Act and ADA claims against SED should be dismissed with prejudice.

## IV.  PLAINTIFF'S SEVENTH AND EIGHTH CAUSES OF ACTION UNDER SECTION 1983 AND THE NEW YORK EDUCATION LAW ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY AND FAIL TO STATE A CLAIM.

### A.  Eleventh Amendment Immunity Bars Plaintiff's Section 1983 and State Law Claims.

Plaintiff's seventh and eighth causes of action assert claims against SED under the Civil Rights Act (42 U.S.C. § 1983) and the New York State Education Law. The Eleventh Amendment, however, plainly bars such claims against SED in federal court, and thus compels dismissal of these claims against SED, as your Honor previously held in a related case by the same plaintiff on behalf of the same child against the same defendants. *Avaras, supra*, 2017 WL 3037402, at *26. The applicable law here is well settled:

> Whether Plaintiffs' damages claims are asserted under § 1983 or the New York State Education Law, the claims are barred by the Eleventh Amendment. *See Bd. of Educ. of the Pine Plains Cent. Sch. Dist. v. Engwiller*, 170 F. Supp. 2d 410, 413 (S.D.N.Y. 2001) ("It has long been settled that the SED is immune from suit brought under Section 1983."); *A.A. v. Bd. of Educ.*, 196 F. Supp. 2d 259, 266 (E.D.N.Y. 2002) ("Just as the Eleventh Amendment bars claims for relief under federal law, it acts as a bar to state law claims brought against a state in federal court.").

*M.M. v. N.Y.C. Dep't of Educ.*, No. 09 Civ. 5236 (PAC), 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010). As the Second Circuit has held, SED is an "arm of the state" for Eleventh Amendment purposes. *See, e.g., Mamot v. Bd. of Regents*, 367 Fed. App'x 191, 192-93 (2d Cir. 2010) (summary order) (holding that SED is a state agency "entitled to immunity under the Eleventh Amendment"); *Bd. of Educ. of the Pawling C.S.D. v. Schutz*, 290 F.3d 476, 480 (2d Cir. 2002) (affirming dismissal of §

-26-

1983 claims against SED on Eleventh Amendment grounds); *Sherman v. Harris*, No. 11 Civ. 4385 (DLI) (JMA), 2012 WL 4369766, at \*6 (E.D.N.Y. Sept. 24, 2012) (dismissing § 1983 and other claims on the grounds that the "New York State Education Department is a state agency entitled to Eleventh Amendment immunity."). Further, any state law claim brought in this Court against SED, whether for monetary, declaratory or injunctive relief, is precluded by the Eleventh Amendment. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *M.H. v. Mount Vernon City Sch. Dist.*, No. 13 Civ. 3596 (VB), 2014 WL 901578, at \*11 (S.D.N.Y. Mar. 3, 2014) (dismissing the plaintiff's state law claim against SED and the state education commissioner on Eleventh Amendment grounds); *M.M., supra*, 2010 WL 2985477, at \*6 (S.D.N.Y. July 27, 2010) (holding that state Education Law claims against SED are barred by the Eleventh Amendment); *French v. New York State Dep't of Educ.*, No. 04 Civ. 434 (FJS/ATB), 2010 WL 3909163, at \*9 (N.D.N.Y. Sept. 30, 2010), *aff'd*, 476 F. App'x 468 (2d Cir. 2011) (dismissing on Eleventh Amendment grounds plaintiffs' claims against SED under Article 89 of the New York State Education Law). Accordingly, plaintiff's seventh and eighth causes of action against SED based on alleged violations of § 1983 and the New York Education Law should be dismissed, with prejudice, for lack of subject matter jurisdiction.

**B. Plaintiff Fails to State a Section 1983 Claim Against SED.**

Not only is SED immune from suit under § 1983, but plaintiff has failed to state a § 1983 claim against SED. "To state a claim under § 1983, a plaintiff (1) must allege the violation of a right secured by the Constitution and laws of the United States, and (2) must show that the alleged deprivation was committed by a person acting under color of state law." *Gleason v. Scoppetta*, 566 F. App'x 65, 68 (2d Cir. 2014) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff has failed to state a § 1983 claim for three reasons.

*First*, a § 1983 claim lies only against a "person." However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491

-27-

U.S. 58, 71 (1989).

*Second*, a § 1983 claim for violation of procedural due process under the Fourteenth Amendment does not lie where the alleged violation is within the scope of the IDEA. *Bonar v. Ambach*, 771 F.2d 14, 18 (2d Cir. 1985); *Evans v. Bd. of Educ. of Rhinebeck Central Sch. Dist.*, 930 F. Supp. 83, 102-03 (S.D.N.Y. 1996).

*Third*, even assuming that the process set out in the IDEA creates a "due process" right enforceable under § 1983, a § 1983 due process claim is not available where there is an adequate state post-deprivation procedure, such as an Article 78 proceeding, to remedy an alleged violation of due process. Your Honor so held when you previously dismissed a § 1983 claim against SED in plaintiff's related case. *Avaras, supra*, 2017 WL 3037402, at *26 (citing *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 881 (2d Cir. 1996), which held "there is no constitutional violation (and no available § 1983 action) when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of" a protected interest); *see also Giglio v. Dunn*, 732 F. 2d 1133, 1134 (2d Cir. 1984). Thus, the seventh cause of action against SED should be dismissed.

## C. Plaintiff Fails to State an Education Law Claim Against SED.

Not only is SED immune from any claims under the New York State Education Law, but plaintiff also fails to state a claim that SED violated § 4401 of the N.Y. Educ. Law. Compl. ¶ 216. As an initial matter, Education Law § 4401 is a definitional section and cannot be violated. Assuming plaintiff meant to refer to § 4404, that section provides for state or federal court review of the final determination of an SRO, which is the basis for plaintiff's IDEA claim against the School District Defendants. That section does not provide a private right of action against SED, who are not necessary parties to an appeal of an SRO decision. Accordingly, the eighth cause of action should be dismissed under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Plaintiff's claims against SED lack merit and have been dismissed twice before by this Court. Plaintiff may not sue SED under the IDEA, or any other statute, since the gravamen of the complaint is that the School District Defendants failed to provide a FAPE to A.A.  That dispute is between plaintiff and Clarkstown.  SED respectfully requests that the Court dismiss the complaint with prejudice as against SED, and grant such other relief as is just and proper.

Dated: New York, New York  
      October 23, 2018

Respectfully submitted,  
**BARBARA D. UNDERWOOD**  
Attorney General of the State of New York  
Attorney for Defendant New York State Education  
 Department  
By: /s/ Jonathan A. Siegel  
 Jonathan A. Siegel, Assistant Attorney General  
28 Liberty Street, New York, NY 10005  
Tel.: (212) 416-8888; Jonathan.Siegel@ag.ny.gov