UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONNIE AVARAS, individually and on behalf of her minor child, A.A., <br><br> Plaintiff, <br><br> - against - <br><br> CLARKSTOWN CENTRAL SCHOOL DISTRICT, the BOARD of EDUCATION for CLARKSTOWN CENTRAL SCHOOL DISTRICT, and the NEW YORK STATE EDUCATION DEPARTMENT, <br><br> Defendants. | 18 Civ. 6964 (NSR) (LMS) <br><br> (Related to 18-CV-2976, 18-CV-3484 and 15-CV-2042) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT NEW YORK STATE EDUCATION DEPARTMENT'S
MOTION TO DISMISS THE COMPLAINT**

**LETITIA JAMES**
Attorney General of the State of New York
Attorney for Defendant New York State
 Education Department
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8888

JONATHAN A. SIEGEL
Assistant Attorney General
  Of Counsel

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................iii

PRELIMINARY STATEMENT ..........................................................................................................1

ARGUMENT ........................................................................................................................................2

POINT I –     PLAINTIFF HAS FAILED TO STATE AN IDEA CLAIM AGAINST SED. .......2

    A.     SED is Not a Proper Party to Plaintiff's IDEA Claims...................................................2

    B.     The IDEA Bars Any Claim Based on SED's General Supervisory and Monitoring Duties. ..................................................................................................................2

    C.     Plaintiff Has Failed to Allege a Systemic Violation of the IDEA. .................................3

        1.     Plaintiff Cites Class Action Cases Seeking Systemic Relief, Unlike This Case. ............................................................3

        2.     Plaintiff's Exhibits Do Not Show Systemic Non-Compliance by the School District.............................................5

    D.     There is No Private Right of Action Based on Alleged SRO Bias and, In Any Event, Plaintiff Has Failed to Plausibly Allege that the SRO Was Biased. ......6

        1.     The IDEA Does Not Provide a Private Right of Action for an SRO Bias Claim. ................................................................6

        2.     Even if Plaintiff Could Assert an SRO Bias Claim, Such a Claim Would Be Moot......................................................................6

        3.     Even if Plaintiff Could Sue for SRO Bias, She Failed to State an SRO Bias Claim.................................................................6

            (a)     Plaintiff Has Failed to State a Claim of SRO Bias................................6

            (b)     Plaintiff Has Failed to State a Claim against SED Based on Alleged SRO Bias..........................................10

        4.     There is No Basis to Depose SRO Bates, A Sitting Judge, About His Decision. .................................................................10

**TABLE OF CONTENTS**

**Page**

POINT II –    PLAINTIFF'S CLAIMS AGAINST SED SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES. ...............................................10

POINT III –    PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION UNDER THE REHAB ACT AND THE ADA FAIL TO STATE A CLAIM AGAINST SED. ....11

POINT IV –    PLAINTIFF'S SEVENTH AND EIGHTH CAUSES OF ACTION UNDER SECTION 1983 AND THE NEW YORK EDUCATION LAW ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY AND FAIL TO STATE A CLAIM. ...............................................................................................14

    A.    Eleventh Amendment Immunity Bars Plaintiff's Section 1983 and State Law Claims. ...............................................................................................14

    B.    Plaintiff Fails to State a Section 1983 or State Law Claim Against SED. ....................15

POINT V –    LEAVE TO AMEND SHOULD BE DENIED. ...........................................15

CONCLUSION ...............................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*A.A. v. Bd. of Educ.*,
   196 F. Supp. 2d 259 (E.D.N.Y. 2002)................................................................................3, 4

*A.A. v. NYSED*,
   87 F. App'x 216 (2d Cir. 2004).............................................................................................4

*A.A. v. Philips*,
   386 F.3d 455 (2d Cir. 2004) .................................................................................................3

*Avaras v. Clarkstown Centr. Sch. Dist.*,
   No. 15 Civ. 2042 (NSR), 2017 WL 3037402 (S.D.N.Y. July 17, 2017)..................................... *passim*

*Avaras v. Clarkstown Centr. Sch. Dist.*,
   No. 15 Civ. 9679 (NSR), 2018 WL 4964230 (S.D.N.Y. Oct. 15, 2018)....................................*passim*

*Barnes v. Gorman*,
   536 U.S. 181 (2002)............................................................................................................14

*B.C. v. Pine Plains Centr. Sch. Dist.*,
   971 F.Supp.2d 356 (S.D.N.Y. 2013).....................................................................................7

*Bonar v. Ambach*,
   771 F.2d 14 (2d Cir. 1985) .................................................................................................15

*Cave v. E. Meadow Union Free Sch. Dist.*,
   514 F.3d 240 (2d Cir. 2008)...........................................................................................1, 4

*C.L. ex rel. K.L. v. Hastings-on-Hudson Union Free Sch. Dist.*,
   No. 14 Civ. 4422 (NSR), 2015 WL 1840507 (S.D.N.Y. Apr. 21, 2015)..............................5

*Colón v. New York State Dep't of Corr. & Cmty. Supervision*,
   No. 15 Civ. 7432 (NSR), 2017 WL 4157372 (S.D.N.Y. Sept. 15, 2017)...........................13

*Corley v. Jahr*,
   No. 11 Civ. 9044 (RJS), 2013 WL 1453367 (S.D.N.Y. Mar. 28, 2013) .............................13

*Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sci.*,
   804 F.3d 178 (2d Cir. 2015) ..............................................................................................14

*Dove v. Fordham Univ.*,
   56 F. Supp. 2d 330 (S.D.N.Y. 1999), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000)...10

**Cases**                                                                                      **Page(s)**

*Eskenazi-McGibney v. Connetquot Centr. Sch. Dist.*,
    84 F. Supp. 3d 221 (E.D.N.Y. 2015) ..................................................................................13

*Frank v. Sachem Sch. Dist.*,
    84 F. Supp. 3d 172 (E.D.N.Y. 2015), *aff'd*, 633 F. App'x 14 (2d Cir. 2016) ....................11

*French v. New York State Dep't of Educ.*,
    476 Fed. App'x 468 (2d Cir. 2011) ...................................................................................12

*Gallop v. Cheney*,
    642 F.3d 364 (2d Cir. 2011) ..............................................................................................15

*Garcia v. SUNY Health Sciences Ctr. of Bklyn.*,
    280 F.3d 98 (2d Cir. 2001) ................................................................................................11

*Jackson v. Federal Express*,
    766 F.3d 189 (2d Cir. 2014) ............................................................................................2, 6

*Keitt v. New York City*,
    882 F. Supp. 2d 412 (S.D.N.Y. 2011) ...............................................................................14

*Kelly v. Saratoga Springs Centr. Sch. Dist.*,
    No. 09 Civ. 276 (GLS), 2009 WL 3163146 (N.D.N.Y. Sep. 25, 2009) ...........................7, 8

*Kleeman v. Rheingold*,
    81 N.Y.2d 270 (1993) ..........................................................................................................8

*Loeffler v. Staten Island Univ. Hosp.*,
    582 F.3d 268 (2d Cir. 2009) ..............................................................................................11

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
    797 F.3d 160 (2d Cir. 2015) ..............................................................................................15

*Martinez v. N.Y.C. Dep't of Educ.*,
    2018 WL 4054872 (E.D.N.Y. Aug. 24, 2018) .....................................................................4

*M.H. v. Mount Vernon City Sch. Dist.*,
    No. 13 Civ. 3596 (VB), 2014 WL 901578 (S.D.N.Y. Mar. 3, 2014) ...................................3

*Mr. & Mrs. B. v. Bd. of Educ. of Syosset Sch. Dist.*,
    No. 96 Civ. 5752 (FB), 1998 WL 273025 (E.D.N.Y. Jan. 15, 1998) ...................................4

*New York City Dep't of Educ. v. S.H.*,
    No. 13 Civ. 3499 (AJN), 2014 WL 572583 (S.D.N.Y Jan. 22, 2014) ...............................7, 9

**Cases**                                                                                                                    **Page(s)**

*R.P. v. Pelham Union Free Sch. Dist.*,
No. 16 Civ. 02898 (NSR) (TPG), 2017 WL 4382190 (S.D.N.Y. Sept. 29, 2017) ..............................7

*R.S. v. Bedford Centr. Sch. Dist.*,
899 F. Supp. 2d 285 (S.D.N.Y. 2012) .................................................................................................7, 8

*Sharp v. State of N.Y.*,
No. 06 Civ. 5194 (JFB), 2007 WL 2480428 (E.D.N.Y. Aug. 28, 2007) ...........................................13

*State of N.Y. Dep't of Soc. Serv. v. Shalala*,
21 F.3d 485 (2d Cir. 1994) ...................................................................................................................8

*TechnoMarine SA v. Giftports, Inc.*,
758 F.3d 493 (2d Cir. 2014) ...............................................................................................................15

*T.W. v. Spencerport Centr. Sch. Dist.*,
891 F. Supp. 2d 438 (W.D.N.Y. 2012) ................................................................................................7

*United States v. Boyle*,
469 U.S. 241 (1985) ..............................................................................................................................9

*United States v. Georgia*,
546 U.S. 151 (2006) ............................................................................................................................14

*United States v. I.B.M. Corp.*,
618 F.2d 923 (2d Cir. 1980) .................................................................................................................9

*Will v. Mich. Dep't of State Police*,
491 U.S. 58 (1989) ..............................................................................................................................15

*Y.D. v. N.Y.C. Dep't of Educ.*,
No. 14 Civ. 1137 (LTS), 2016 WL 698139 (S.D.N.Y. Feb. 19, 2016) ...........................................2, 4

**United States Consitution**                                                                                    **Page(s)**

Eleventh Amendment ................................................................................................... 13, 14
Fourteenth Amendment .......................................................................................... 13, 14, 15

**Federal Statutes**

20 U.S.C. § 1400, *et seq.* (Individuals with Disabilities Education Act ("IDEA")) .......................... *passim*
29 U.S.C. § 794 (the "Rehab Act" or "Section 504" of the Rehabilitation Act) ............................ *passim*
42 U.S.C. § 1983 (the Civil Rights Act of 1871 or "§ 1983") ....................................... 13, 14, 15
42 U.S.C. § 12101, *et seq.* (the Americans with Disabilities Act of 1990 ("ADA")) ........................ *passim*

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(1) .............................................................................................. 1
Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1, 2, 13

**Code of Federal Regulations**

34 C.F.R. § 300.600(a)(2) .......................................................................................... 5
34 C.F.R. § 300.603(b)(1) .......................................................................................... 5

**State Statutes**

New York Education Law
     Article 89 ................................................................................................... 14

**State Regulations**

8 N.Y.C.R.R. § 279.1(c)(4) ......................................................................................... 8
8 N.Y.C.R.R. § 279.13 ............................................................................................... 7

**State Review Officer Decisions**

Appeal No. 11-151 ................................................................................................... 9
Appeal No. 12-059 ................................................................................................... 9
Appeal No. 13-041 ................................................................................................... 9
Appeal No. 13-170 ................................................................................................... 9
Appeal No. 13-210 ................................................................................................... 9
Appeal No. 14-008 ................................................................................................... 9
Appeal No. 18-046 ................................................................................................ 7, 8

**Other Authorities**

50 Am. Jur. Proof of Facts 3d 449 (1999) ....................................................................... 10

Defendant SED submits this reply memorandum of law and the accompanying Reply Declaration of Assistant Attorney General Jonathan A. Siegel ("Siegel Reply Decl.") in further support of its motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) & (6).[1]

## PRELIMINARY STATEMENT

In plaintiff's two prior lawsuits against Clarkstown and SED, the Court ruled that SED is not a proper or necessary defendant - and dismissed all claims against SED, since the gravamen of plaintiff's complaint is that the School District Defendants did not provide A.A. with a FAPE under the IDEA.[2] This third lawsuit is no different. This lawsuit is not a class action seeking systemic relief. It is an individual action to remedy alleged defects in A.A.'s education. Compl. ¶ 1. The relief sought applies solely to A.A., not other students, and complete relief is available from the School District Defendants. Compl. pp. 68-69. This Court agreed by amending its preliminary injunction to clarify that only the School District Defendants (and not SED) are obligated to pay for A.A.'s tuition and board at the New York Military Academy for the 2018-19 school year. *Cf.* ECF 29 & 30 at p. 6. Thus, this suit fails to allege a "system-wide violation of the IDEA's mandates" and SED is an improper party. *Cave v. E. Meadow U.F.S.D.*, 514 F.3d 240, 250 (2d Cir. 2008).

Plaintiff claims that SED failed to monitor the district's compliance with the IDEA, but failure-to-supervise allegations do not state a claim against SED where, as here, a claim for systemic relief was not made. Mem. 13-15. Moreover, SED did monitor Clarkstown, and determined that the district met IDEA requirements, as shown by documentary evidence, which your Honor

---

[1] SED uses the same terms that were defined in its October 23, 2018 moving memorandum of law. "Mem." refers to SED's opening brief, and "Opp. Mem." refers to plaintiff's opposition brief.

[2] *See Avaras v. Clarkstown C.S.D.*, No. 15 Civ. 2042 (NSR), 2017 WL 3037402, *26 (S.D.N.Y. July 17, 2017) ("the Department is not a proper or necessary party to Plaintiff's IDEA claims") (*see* Siegel Decl. Exh. 3); *Avaras v. Clarkstown C.S.D.*, No. 15 Civ. 9679 (NSR), 2018 WL 4964230, *8 n.8 (S.D.N.Y. Oct. 15, 2018) (SED "is not the proper party to a suit challenging an administrative determination as to the sufficiency of the IEPs provided by the local education agency.") (*see* Siegel Decl. Exh. 7).

previously accepted on a 12(b)(6) motion in a related suit by this same plaintiff against Clarkstown. Mem. 15, citing *Avaras, supra*, 2018 WL 4964230, *17 (S.D.N.Y. Oct. 15, 2018).

The Court also lacks subject matter jurisdiction over plaintiff's claims because she failed to exhaust her administrative remedies. The SRO, relying on ample precedent by federal district court judges, dismissed plaintiff's appeal after her counsel admittedly failed to timely file that appeal. That plaintiff disagrees with the judge's decision does not render the judge biased or subject SED to suit.

Finally, the remainder of plaintiff's claims are barred by sovereign immunity or fail to state a claim against SED, as your Honor held in plaintiff's two prior lawsuits against Clarkstown and SED. For these reasons, the complaint against SED should be dismissed in its entirety and with prejudice.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO STATE AN IDEA CLAIM AGAINST SED.

### A. SED is Not a Proper Party to Plaintiff's IDEA Claims.

Your Honor held in two prior actions brought by this plaintiff that SED is not a proper party to IDEA claims, *Avaras, supra*, 2017 WL 3037402, *26; *Avaras, supra*, 2018 WL 4964230, *8 n.8, 16, and many other cases support this rule of law. *See* Mem. 8-11. "[C]ourts have consistently held that the State Education Department and its employees are not proper parties to IDEA actions in federal court." *Y.D. v. N.Y.C. Dep't of Educ.*, No. 14 Civ. 1137 (LTS), 2016 WL 698139, *5 (S.D.N.Y. Feb. 19, 2016) (dismissing claims against SED). Plaintiff did not address this point, thereby conceding it. *Turner v. Sidorowicz*, No. 12 Civ. 7048 (NSR), 2016 WL 3938344, *4 (S.D.N.Y. July 18, 2016); *Jackson v. Federal Express*, 766 F.3d 189, 195 (2d Cir. 2014).

### B. The IDEA Bars Any Claim Based on SED's General Supervisory and Monitoring Duties.

SED cited numerous cases in its opening papers establishing that there is no private right of action based on SED's alleged failure to "supervise" Clarkstown's compliance with the IDEA. Compl. ¶ 213, Mem. 11-13. Nevertheless, plaintiff argues that she may sue to enforce SED's

supervisory duties, Opp. Mem. 36-37, but cites inapposite class action cases which seek systemic

relief.  This case seeks personal relief and, as set forth below, plaintiff does not state a claim for

systemic relief.

**C.  Plaintiff Has Failed to Allege a Systemic Violation of the IDEA.**

Plaintiff has failed to rebut SED's showing that plaintiff has not and cannot assert a plausible

claim of systemic violations of the IDEA by the School District Defendants.  Mem. 13-15.

**1.  Plaintiff Cites Class Action Cases Seeking Systemic Relief, Unlike This Case.**

Plaintiff cites three cases to argue that she may pursue her claims against SED.  Opp. Mem.

37.  However, those cases are all readily distinguishable.  Of the three, two were class actions (*A.A.*

*v. Bd. of Educ.*, 196 F. Supp. 2d 259 (E.D.N.Y. 2002); *A.A. v. Philips*, 386 F.3d 455 (2d Cir. 2004)),

one had eight plaintiffs (*M.H. v. Mount Vernon C.S.D.*, No. 13 Civ. 3596 (VB), 2014 WL 901578

(S.D.N.Y. Mar. 3, 2014)), and all three sought systemic relief, not personal relief.

For example, in *M.H. v. Mt. Vernon C.S.D.*, SED had rated the school district as "needing

improvement" with IDEA compliance for five consecutive years, and an independent auditor had

reported fourteen significant failings across the district over a multi-year period.  *M.H.*, 2014 WL

901578, *2-3.  Based on documented failures to comply with the IDEA over many years, the eight

plaintiffs sought systemic, not personal, relief, including an order compelling SED to perform a

comprehensive assessment of the school district's IDEA compliance, the appointment of a team of

independent experts to provide on-site monitoring of schools, and the appointment of a Special

Master to develop a Corrective Action Plan.  *See* Compl. (Siegel Reply Decl. Exh. 8) at ¶¶ 206-207.

The court found that, in those "rare circumstance[s]," resort to the administrative process would

have been futile, since an SRO lacked authority to order the requested relief.  *M.H., supra*, *5-6.

By contrast, plaintiff here seeks tuition relief personal to her child, A.A., not remedies

affecting the education of other students.  SED showed in its moving papers that the Second Circuit

-3-

has held that complaints seeking relief for a single student do not allege "system-wide violation of the IDEA's mandates." *Cave, supra,* 514 F.3d at 250; *see also* Mem. 14 (citing cases). Here the gravamen of the Complaint is the payment of tuition, board and related services for A.A., Compl. ¶ 6, which is a personal claim, not a systemic claim. *See Mr. & Mrs. B. v. Bd. of Educ. of Syosset Sch. Dist.,* No. 96 Civ. 5752 (FB), 1998 WL 273025, *4 (E.D.N.Y. Jan. 15, 1998) ("this case is not a class action directed at remedying systemic or structural deficiencies. Rather, this case involves an individual student's IEP."). Although plaintiff alleges district-wide problems, that is immaterial because she does not assert claims on behalf of other children, and the resolution of this case does not depend on whether other children were denied a FAPE. *Martinez v. N.Y.C. Dep't of Educ.,* 2018 WL 4054872 *6-8 (E.D.N.Y. Aug. 24, 2018) (dismissing case for failure to exhaust administrative remedies despite allegations of systemic violations). Had plaintiff's counsel timely filed an administrative appeal, plaintiff's claim regarding her child's IEP could have been reviewed by the SRO and, if necessary, remedied. By contrast, systemic claims cannot be remedied by an SRO, which was the situation in all the cases plaintiff cited, which is why exhaustion was excused in those cases.[3]

Plaintiff's personal claim is not transformed into a systemic claim through bare allegations that SED is responsible for Clarkstown allegedly failing to provide a FAPE to A.A. Indeed, to hold otherwise would mean that SED would be liable for the actions or omissions of all school districts in virtually all cases. The courts have clearly rejected that approach. *Cave, supra*; *Y.D., supra.*

---

[3]   The other two cases plaintiff cited are unlike this one because they involved class actions seeking systemic relief. In *A.A. v. NYSED*, 87 F. App'x 216 (2d Cir. 2004), SED had determined that the Central Islip school district had systematically failed to comply with the IDEA, and had issued a report requiring compliance by October 1991. The Second Circuit found the record was insufficient to assess the actions taken by SED to ensure that the district had taken steps to come into compliance. *Id.*, *2. In *A.A. v. Bd. of Educ.*, 196 F.Supp.2d 259, 262 (E.D.N.Y. 2002), an earlier opinion in the same class action litigation, Judge Wexler held that SED had waived the administrative exhaustion requirement by failing to raise it for six years and, under the circumstances of that case, excused the exhaustion requirement because that class action sought systemic relief. *Id.* These cases are utterly unlike this case, which seeks personal relief for A.A. based on allegations that the School District Defendants failed to provide A.A. with a FAPE.

-4-

**2.  Plaintiff's Exhibits Do Not Show Systemic Non-Compliance by the School District.**

Plaintiff submitted exhibits containing several years of reports by the Clarkstown School District concerning compliance with State targets for the IDEA, Park Decl. Exhs. 10-21, and argue that these reports are the basis for the one and only paragraph in the Complaint that alleges systemic violations of the IDEA.  Opp. Mem. 12, citing Compl. ¶ 158.  These reports are irrelevant because plaintiff neither asserts claims on behalf of other students nor seeks systemic relief.

In any event, the documentary evidence undercuts plaintiff's claim of systemic violations because it proves that SED monitored Clarkstown and that while Clarkstown underperformed on certain state targets in several metrics, it did not systematically violate the IDEA.[4]

Contrary to plaintiff's allegations and exhibits, SED determined for each of the years at issue in this case that Clarkstown "met requirements" for compliance with the IDEA.  SED reviews of the district are publicly available on SED's website and conclusively demonstrate that SED monitored Clarkstown and the district met IDEA requirements.  Siegel Decl. ¶ 6 & Exh. 4.  Plaintiff simply ignores the documentary evidence that conclusively disproves her thesis.  Plaintiff's allegations of systemic violations of the IDEA, supported by "cherry-picked" metrics, are thus contradicted by the record, and do not state a claim, as this Court held in one of plaintiff's prior cases against the same school district.  *Avaras v. Clarkstown, supra*, 2018 WL 4964230, at \*17 (citing *C.L. ex rel. K.L. v. Hastings-on-Hudson Union Free Sch. Dist.*, No. 14 Civ. 4422 (NSR), 2015 WL

---

[4]    SED uses a broad range of information, including the data plaintiff cited, to determine whether each school district has complied with IDEA requirements.  SED gathers information "through various approaches including data collection and review, fiscal monitoring, self-reviews, on-site monitoring reviews, desk audits, State complaints and impartial hearing decisions.  Various monitoring protocols are used to conduct both self-reviews and on-site reviews of the special education programs provided by public school districts [and other educational providers]."  Siegel Reply Decl. Exh. 9 at 2.  Based on this information, SED determines each year, pursuant to 34 C.F.R. § 300.600(a)(2), whether each district in the state meets IDEA requirements.  Pursuant to 34 C.F.R. § 300.603(b)(1), each year SED reports to the U.S. Department of Education whether each district in the state "meets requirements" of the IDEA, "needs assistance," "needs intervention" or "needs substantial intervention" to meet IDEA requirements.

1840507, at *6 (S.D.N.Y. Apr. 21, 2015) and dismissing claims against SED where publicly available, judicially-noticeable information suggested that the school district was meeting IDEA benchmarks). Here, too, documentary evidence conclusively demonstrates that Clarkstown generally met IDEA requirements.  This case does not assert a claim for systemic violations; it involves a parent's dispute with a school district over the provision of a FAPE.[5]

**D.  There is No Private Right of Action Based on Alleged SRO Bias and, In Any Event, Plaintiff Has Failed to Plausibly Allege that the SRO Was Biased.**

**1.  The IDEA Does Not Provide a Private Right of Action for an SRO Bias Claim.**

While plaintiff cites cases to argue that SRO bias may excuse a failure to exhaust administrative remedies, she does not contest that there is no private right of action under the IDEA for alleged SRO bias, as SED showed in its opening papers.  Mem. 16 (citing cases).

**2.  Even if Plaintiff Could Assert an SRO Bias Claim, Such a Claim Would be Moot.**

SED showed that any claim founded on SRO bias is moot because this Court may review plaintiff's claims in this federal action against the district (if the Court finds that it has subject matter jurisdiction).  Mem. 16-17 (citing cases).  Plaintiff also abandoned this point by failing to address it. *Turner, supra; Jackson v. Fed. Ex., supra.*

**3.  Even if Plaintiff Could Sue for SRO Bias, She Failed to State an SRO Bias Claim.**

**a)  Plaintiff Has Failed to State a Claim of SRO Bias.**

Even if plaintiff could state a freestanding claim against SED for alleged bias by the SRO, such claim would fail because plaintiff has not overcome SED's showing that she has not alleged facts that plausibly suggest that SRO Bates was biased against her.  Mem. 17-21.[6]  Here, plaintiff's counsel admittedly failed to timely serve the administrative appeal.  Compl. ¶ 143.  The SRO has

---

[5]   In the cases plaintiff cited, SED did not find that the school district "met requirements" of the IDEA.

[6]   Plaintiff also conclusorily alleges that the Impartial Hearing Officer was biased against her.  Compl. ¶ 124.

discretion to excuse this failure for good cause shown, 8 N.Y.C.R.R. § 279.13, and found none.[7] The SRO cited four decisions dismissing cases for failure to exhaust administrative remedies where the administrative appeal was filed late, including cases where service was made only one or three days late.  Appeal No. 18-046 (Siegel Decl. Exh. 5) at 8-9 (citing *New York City Dep't of Educ. v. S.H.*, No. 13 Civ. 3499 (AJN), 2014 WL 572583, *5-7 (S.D.N.Y Jan. 22, 2014) (dismissing case where administrative appeal filed one day late); *Kelly v. Saratoga Springs C.S.D.*, No. 09 Civ. 276 (GLS), 2009 WL 3163146, *4-5 (N.D.N.Y. Sep. 25, 2009) (dismissing case where administrative appeal filed three days late); *T.W. v. Spencerport C.S.D.*, 891 F. Supp. 2d 438, 441-42 (W.D.N.Y. 2012) (dismissing case where administrative appeal filed late); *B.C. v. Pine Plains C.S.D.*, 971 F.Supp.2d 356, 365-67 (S.D.N.Y. 2013) (dismissing case where appeal was timely served on defendant's counsel rather than on the defendant school district)).

Other cases have also held that serving an administrative appeal one to five days late represents a failure to exhaust administrative remedies and deprives the district court of subject matter jurisdiction requiring dismissal, despite claims of SRO bias.  Mem. 18 (citing *R.S. v. Bedford C.S.D.*, 899 F. Supp. 2d 285, 288–89 (S.D.N.Y. 2012) (dismissing case where school district's counsel was timely served but school district was served one day late; court rejected claim that SRO was biased because he dismissed untimely appeal); *R.P. v. Pelham Union Free Sch. Dist.*, No. 16 Civ. 02898 (NSR) (TPG), 2017 WL 4382190, at *4 (S.D.N.Y. Sept. 29, 2017) (SRO's dismissal of administrative appeal filed five days late was not arbitrary or capricious)).  Thus, six separate district court judges in this circuit have dismissed cases for lack of subject matter jurisdiction where counsel failed to timely file an administrative appeal, when the deadline was missed only by 1, 3 or 5 days.

Moreover, every time a claim of SRO bias was made in these cases it was rejected.  *T.W.,*

---

[7]   There is no need to show prejudice to dismiss a case where the administrative appeal was not timely filed.

*supra*; *R.S., supra.* Indeed, SRO "bias" has a legal definition under 8 N.Y.C.R.R. § 279.1(c)(4), which plaintiff has not met. Mem. 19. Plaintiff does not even claim to have met the legal definition of bias. Given this body of case law, the SRO cannot be said to be biased. *State of N.Y. Dep't of Soc. Serv. v. Shalala*, 21 F.3d 485, 492 (2d Cir. 1994) (an agency determination must be upheld if it was "based on a consideration of the relevant factors" and there is no "clear error of judgment.").

The SRO found that plaintiff's counsel had prior notice that the filing deadline was strictly applied, Appeal No. 18-046 at 8 n.4, yet waited until the day the papers were due to attempt service. *Id.*, at 8. The SRO further found that the delay was completely under the control of plaintiff's counsel, who never told the process server about a filing deadline, and had not timely requested permission to file out of time. The opposition papers substantiate this conclusion: plaintiff's counsel delegated service to a paralegal, who averred that the process server was "not aware of the April 16th deadline," and the correspondence with the process server shows that counsel never alerted the process server to the deadline. Park Decl. Exh. 8 at Attach. B ¶ 6, C, D. Plaintiff says its process server successfully served the school district on prior occasions, Opp. Mem. 19, but this weakens plaintiff's claim. Had plaintiff's counsel notified the process server that service was required to be made by April 16th as a jurisdictional deadline, it would have been done. Though plaintiff's counsel blames the process server, *id.*, that does not relieve counsel of responsibility for their error.[8]

Plaintiff seeks to distinguish the cases on which the SRO relied, arguing that in *Kelly* the administrative appeal was filed three days late, rather than one day, Opp. Mem. 20 n.5, but that is not a principled distinction. Missing the deadline by one day is logically no different than missing it

---

8    A lawyer's duty to timely serve papers is a "critical component of a lawyer's overall responsibility," and is non-delegable because "attorneys cannot be allowed to evade responsibility for its careful performance by the simple expedient of 'farming out' the task to [a process server]." *Kleeman v. Rheingold*, 81 N.Y.2d 270, 275 (1993). A judge's refusal to excuse counsel's mistake does not make that judge biased.

by a week or a year. "Deadlines are inherently arbitrary; fixed dates, however, are often essential to accomplish necessary results." *U.S. v. Boyle*, 469 U.S. 241, 249 (1985).

In *N.Y.C. Dep't of Educ. v. S.H.*, Judge Nathan dismissed a case for lack of subject matter jurisdiction where, as here, counsel waited until the last day to transmit the papers to the process server, and the process server missed the deadline by one day. Thus, ample precedent supports the SRO's decision. Plaintiff argues that *S.H.* is distinguishable because the SRO (and Judge Nathan) dismissed the school district's appeal, rather than a parent's. Opp. Mem. 18-19. But it would be unjust to apply different rules to parents and school districts. Legal rules do not depend on the identity of the appellant: that would eviscerate the principle of "equal justice under law."[9]

Further, documentary evidence demonstrates that SRO Bates has applied these rules evenhandedly. He has repeatedly dismissed appeals by school districts served one day, two days, six days and nine days late. Appeal Nos. 14-008, 13-041, 13-210, 13-170, 12-059, 11-151 (*see* Siegel Reply Decl. Exh. 10). SED also showed that SRO Bates issued rulings in plaintiff's favor, which this Court affirmed. Mem. 19. The SRO is not biased because he disagreed with plaintiff on other occasions. *U.S. v. I.B.M. Corp.*, 618 F.2d 923, 930 (2d Cir. 1980) ("Even if [adverse rulings] were deemed to be incorrect, it of course does not follow that they were motivated by personal bias").[10]

Finally, we compiled a list of thirty-one (31) recent decisions by twenty-one (21) different federal judges in this Circuit (including your Honor) which praise and affirm SRO Bates's

---

[9]   Plaintiff also argues that in *S.H.* it was unreasonable for the school district to wait until the last day to attempt service, Opp. Mem. 19, but plaintiff here did the same. Though plaintiff says that the parent in *S.H.* lived in an apartment building (implying that service was difficult), *id.*, both here and in *S.H.* counsel for the delinquent party knew the exact address of the party to be served yet delayed service, resulting in a missed deadline. *See* Siegel Reply Decl. Exh. 12 ¶¶ 1, 3, 5 & Exhs. A, B; Park Decl. Exh. 8 Attach. F.

[10]  Plaintiff argues that the SRO was "required" to twice rule in plaintiff's favor. Opp. Mem. 23 n.6. That does not follow. The IHO ruled against plaintiff and the SRO overturned him twice. Mem. 19. There is no valid claim of bias when, as here, a judge rules in your favor or because you disagree with a judge.

"thorough" and "well-reasoned" decisions in numerous cases. *See* Siegel Reply Decl. ¶ 5 & Exh. 11. The baseless effort by plaintiff's counsel to impugn the SRO's integrity should be firmly rejected.

### b)  Plaintiff Has Failed to State a Claim against SED Based on Alleged SRO Bias.

SED showed in its opening papers that plaintiff failed to state a claim against SED based on the (meritless) claim of SRO bias.  Mem. 20.  The complaint does not allege that SED took any action to harm the plaintiff.  *Id.*  State Review Officers are legally independent of, and are not controlled by SED.  *Id.*  "It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted."  *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (citing cases), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000); *see also* Mem. 20-21.  Plaintiff failed to address or oppose this argument. The claims against SED should be dismissed.

### 4.  There is No Basis to Depose SRO Bates, A Sitting Judge, About His Decision.

Plaintiff abandons all moorings by seeking to depose SRO Bates about his decision.  Opp. Mem. 25.  Not surprisingly, the two cases plaintiff cites do not stand for that proposition.  *Id.* Disappointed litigants may not depose a sitting judge or judicial hearing officer about a decision, regardless of whether the judge is appointed, elected or life-tenured.  *See, e.g.,* 50 Am. Jur. Proof of Facts 3d 449 (1999) ("overwhelming authority" provides that "a sitting judge may not be questioned or deposed on any subject touching upon the judge's decision-making process.").

## II.   PLAINTIFF'S CLAIMS AGAINST SED SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

SED showed that plaintiff's claims should be dismissed because she failed to exhaust her administrative remedies by not timely filing her administrative appeal.  Mem. 21-22.  Plaintiff argues that the Court has subject matter jurisdiction over her ADA and Rehab Act claims because they seek

compensatory and punitive damages unavailable under the IDEA.  Opp. Mem. 26. However, where, as here, the gravamen of the claim relates to the adequacy of an IEP, "courts have applied the exhaustion requirements under the IDEA even when the claims seeks compensatory relief not available under the IDEA."  *Frank v. Sachem Sch. Dist.*, 84 F. Supp. 3d 172, 189 (E.D.N.Y. 2015), *aff'd*, 633 F. App'x 14 (2d Cir. 2016) (citing cases).  Thus, plaintiff's claims should be dismissed.

## III.     PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION UNDER THE REHAB ACT AND THE ADA FAIL TO STATE A CLAIM AGAINST SED.

SED showed that plaintiff's claims against SED under the Rehab Act and the ADA do not allege any specific discrimination by SED, Compl. ¶¶ 185-204, and should be dismissed for failure to state a claim.  Mem. 22-26.  Plaintiff argues that she has alleged that A.A. is "disabled" within the meaning of the ADA and the Rehab Act because he has attention deficits and dyslexia.

However, plaintiff has not stated a claim under § 504 of the Rehab Act or the ADA against SED.  *First*, under those statutes, plaintiffs must allege facts that plausibly show that SED harmed A.A. *because of* his disability. *Avaras, supra*, 2017 WL 3037402, at *27 (citing cases).  There are no allegations that SED acted against A.A. because he is disabled.  No such contention was leveled.

*Second*, it is well settled that monetary damages against the State are only available under Title II of the ADA and Section 504 of the Rehab Act if plaintiff proves intentional discrimination. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009); *Garcia v. SUNY Health Sciences Ctr. of Bklyn.*, 280 F.3d 98, 111 (2d Cir. 2001); *Frank v. Sachem Sch. Dist.*, *supra*, 84 F. Supp. 3d at 189, *aff'd*, 633 F. App'x 14 (2d Cir. 2016).  However, plaintiff has not plausibly alleged that SED intentionally discriminated against A.A.

Here, plaintiff argues that the <u>school district</u> discriminated against A.A. because it allegedly failed to offer A.A. a FAPE and transition planning.  Opp. Mem. 27-36.  Plaintiff then argues that her allegations and claims "appl[y] equally to NYSED."  Opp. Mem. 39.  But that is not so.  Plaintiff

-11-

alleges only that SED failed to monitor the school district (which judicially noticeable documentary evidence shows is factually false), but never alleges that SED intended to discriminate, or acted with deliberate indifference to A.A.'s disability. Indeed, the Court already ruled on this issue. In plaintiff's related case this Court dismissed ADA and Rehab Act claims against SED, holding that allegations that SED failed to ensure that the district complied with the IDEA were: (1) "contrary to the record," based on the same judicially noticeable documentary evidence presented here, showing that SED monitored Clarkstown and met IDEA requirements; and (2) "[did] not plausibly allege disability discrimination *as a result of* deliberate or reckless indifference to A.A.'s disability." *Avaras, supra*, 2017 WL 3037402, at *28. The same result should obtain here.

*Third*, even if plaintiff's allegations regarding the school district's alleged conduct applied to SED – and it does not, since plaintiff has not alleged intentionally discriminatory conduct by SED directed at A.A. – those allegations do not state a claim either, since they merely duplicate the claims that the school district violated the IDEA by failing to offer A.A. a FAPE. Mem. 23; *see French v. N.Y.S. Dep't of Educ.*, 476 F. App'x 468, 473 (2d Cir. 2011) (Rehab Act and ADA claims were properly dismissed where plaintiff failed to show that "the alleged 'discrimination' is anything more than a rehashing of her allegation that the defendants failed to provide her with a FAPE").

Plaintiff seeks to avoid this result by arguing that she: (1) seeks compensatory and punitive damages, which are not available under the IDEA; and (2) claims "associational discrimination." Opp. Mem. 26, citing Compl. ¶¶ 194, 204, 214. However, these three paragraphs are identical, conclusory and do not allege bad acts by SED. Further, the complaint's preceding paragraphs allege that the School District Defendants denied A.A. a FAPE and that the SRO ignored evidence, which are IDEA claims. Compl. ¶¶ 189-91; 199-200; 208-211. There are no factual allegations to support a plausible claim that SED acted *intentionally* or with deliberate indifference *because of* A.A.'s disability.

Plaintiff does not plausibly allege wrongdoing by SED, and does not state a claim.

Similarly, Mrs. Avaras's "associational discrimination" claim under the ADA and the Rehab Act, *see* Opp. Mem. 27, citing Compl. ¶¶ 188, 198, does not allege any wrongdoing by SED, or any attempt to discriminate against Mrs. Avaras at all.  The complaint should be dismissed since it does not contain any non-conclusory allegations of fact to support a plausible claim that SED harmed Mrs. Avaras.  *Corley v. Jahr*, No. 11 Civ. 9044 (RJS), 2013 WL 1453367, *5 (S.D.N.Y. Mar. 28, 2013) (dismissing ADA claim because "the Complaint lacked a sufficient basis from which one could infer that the [defendants] engaged in any wrongdoing"); *Sharp v. State of N.Y.*, No. 06 Civ. 5194 (JFB), 2007 WL 2480428, *7 (E.D.N.Y. Aug. 28, 2007) (dismissing § 1983 claim where complaint "fails to allege specific wrongdoing on the part of each individual … defendant").

Moreover, for Mrs. Avaras to allege an associational discrimination claim under the ADA or Rehab Act, A.A. must first state a discrimination claim under those statutes.  *Eskenazi-McGibney v. Connetquot C.S.D.*, 84 F. Supp. 3d 221, 233 (E.D.N.Y. 2015).  But, A.A. has not stated a claim against SED.  Since a predicate discrimination claim has not been stated, Mrs. Avaras lacks standing to sue for associational discrimination, depriving the Court of subject matter jurisdiction.  *Id.* at 229.[11]

Since plaintiff failed to allege specific facts that SED discriminated against A.A. because of his disability, plaintiff has not stated a claim against SED under the Rehab Act or the ADA, these claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), just as your Honor held in plaintiff's prior cases.  *Avaras, supra*, 2017 WL 3037402, *27-28; *Avaras, supra*, 2018 WL 4964230, *18.

*Fourth*, plaintiff's claim against SED under Title II of the ADA is barred by the Eleventh Amendment, since she has not alleged a Fourteenth Amendment violation.  *Colón v. New York State*

---

[11]   In addition, the Second Circuit has not held that an associational discrimination claim may be asserted under the ADA.  *Eskenazi-McGibney, supra*, 84 F. Supp. 3d at 229.

-13-

*Dep't of Corr. & Cmty. Supervision*, No. 15 Civ. 7432 (NSR), 2017 WL 4157372, at *6 (S.D.N.Y. Sept. 15, 2017); *U.S. v. Georgia*, 546 U.S. 151, 159 (2006).[12]

*Finally*, even if plaintiff asserted plausible allegations of "bad faith or misjudgment" against SED -- which she has not -- plaintiff's punitive damages claim against SED should nonetheless be dismissed, because any such punitive damage claims may not be brought under the Rehab Act or the ADA, "and are thus improper." *Keitt v. New York City*, 882 F. Supp. 2d 412, 425 (S.D.N.Y. 2011) (citing *Barnes v. Gorman,* 536 U.S. 181, 190 (2002)).  For these reasons, plaintiff's Rehab Act and ADA claims against SED should be dismissed with prejudice.

## IV.   PLAINTIFF'S SEVENTH AND EIGHTH CAUSES OF ACTION UNDER SECTION 1983 AND THE NEW YORK EDUCATION LAW ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY AND FAIL TO STATE A CLAIM.

### A.  Eleventh Amendment Immunity Bars Plaintiff's Section 1983 and State Law Claims.

SED showed that plaintiff's seventh and eighth causes of action under § 1983 and state law are barred by the Eleventh Amendment, as your Honor previously held in a related case by the same plaintiff on behalf of the same child against the same defendants. *Avaras, supra*, 2017 WL 3037402, at *26. Mem. 26-28.  Plaintiff has apparently abandoned her state law claim by not addressing it.

Plaintiff claims she can amend her complaint to seek prospective injunctive relief against a State official, Opp. Mem. 40, but fails to identify a State official or any prospective injunctive relief she seeks from SED that she has not already obtained from the Court.  There is none.  Indeed, the Court amended its preliminary injunction order to clarify that the injunctive relief it issued runs only against the School District Defendants, not SED.  *Cf.* ECF 29 p. 6 *with* ECF 30 p. 6.

---

[12]  Whether Congress may abrogate sovereign immunity based on misconduct that violates Title II of the ADA but not the Fourteenth Amendment has not been settled by the Second Circuit. *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sci.*, 804 F.3d 178, 194 (2d Cir. 2015).

**B. Plaintiff Fails to State a Section 1983 or State Law Claim Against SED.**

SED showed that not only is it immune from suit under § 1983, but plaintiff failed to state a § 1983 claim against SED, because: (1) she has not alleged a deprivation by a state actor; (2) "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); (3) a § 1983 claim for violation of procedural due process under the Fourteenth Amendment does not lie where the alleged violation is within the scope of the IDEA. *Bonar v. Ambach*, 771 F.2d 14, 18 (2d Cir. 1985); and (4) a § 1983 claim is not available where there is an adequate state post-deprivation procedure, as your Honor held in dismissing plaintiff's § 1983 claim against SED in plaintiff's related case. *Avaras, supra*, 2017 WL 3037402, at *26. Finally, plaintiff has not stated a claim under state law. Mem. 28. Plaintiff has abandoned these claims by not addressing these arguments, and her claims against SED should be dismissed.

## V. LEAVE TO AMEND SHOULD BE DENIED.

Plaintiff requests leave to amend her claims against SED, but declined to submit a proposed amended complaint to rectify her deficiencies, and failed to explain how she could remedy them. Therefore, the Court should deny leave to amend claims against SED. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (denial of leave to amend proper where "request gives no clue as to how the complaint's defects would be cured"); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).

## CONCLUSION

Plaintiff's claims against SED lack merit and have been dismissed twice before by this Court. Plaintiff may not sue SED under the IDEA, or any other statute, since the gravamen of the complaint is that the School District Defendants failed to provide a FAPE to A.A. That dispute is between plaintiff and Clarkstown. SED respectfully requests that the Court dismiss the complaint with prejudice as against SED, deny leave to amend and grant such other relief as is just and proper.

-15-

Dated: New York, New York
      January 11, 2019

Respectfully submitted,

**LETITIA JAMES**
Attorney General of the State of New York
Attorney for Defendant New York State
 Education Department
By:  /s/ Jonathan A. Siegel
 Jonathan A. Siegel, Assistant Attorney General
28 Liberty Street, New York, NY 10005
Tel.: (212) 416-8888; Jonathan.Siegel@ag.ny.gov