UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Connie Avaras, individually and on behalf of
her minor child, A.A.,

                     Plaintiffs,

      -against-


Clarkstown Central School District, the Board
Of Education for Clarkstown Central School
District, and the New York State Education
Department
                    Defendants.
-------------------------------------------------------------------X

CASE NO. 18-CV-6964
(NSR)


**DEFENDANTS CLARKSTOWN CENTRAL SCHOOL DISTRICT AND BOARD OF EDUCATION FOR THE CLARKSTOWN CENTRAL SCHOOL DISTRICT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**


JASPAN SCHLESINGER LLP
*Attorneys for Defendants*
300 Garden City Plaza, 5th Floor
Garden City, New York 11530
(516) 393-8227

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

THE COMPLAINT ............................................................................................................... 1

BACKGROUND ................................................................................................................... 2

Parent's Right to a Due Process Hearing ............................................................................. 2

ARGUMENT ......................................................................................................................... 3

POINT I
THE PLAINTIFFS' CLAIMS UNDER THE IDEA
MUST BE DISMISSED BECAUSE THE COURT
LACKS SUBJECT MATTER JURISDICTION ................................................................... 4

POINT II
THE PLAINTIFFS' NON-IDEA CLAIMS MUST BE
DISMISSED BECAUSE THE COURT LACKS SUBJECT
MATTER JURISDICTION ................................................................................................... 9

POINT III
THE PLAINTIFFS' NON-IDEA CLAIMS FAIL TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED ..................................................... 12

A. The Plaintiffs Fail to State a Claim Under Section 504 and the ADA .......................... 12

B. The Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1983 ....................................... 14

CONCLUSION
FOR THE REASONS SET FORTH HEREIN DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6) SHOULD BE
GRANTED IN ITS ENTIRETY. .......................................................................................... 16

EHG/D1324627v2/M400000/C0166771

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                    **Pages**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .................................................................................................. 4

*Avaras v. Clarkstown Cent. Sch. Dist.,*
  2017 U.S. Dist. LEXIS 110624 (S.D.N.Y. 2017) ..................................................... 14, 15

*B.C. v. Pines Plains Cent. Sch. Dist.,*
  971 F. Supp. 2d 356 (S.D.N.Y. 2013) .......................................................................... 5

*B.C. v. Mount Vernon Sch. Dist.,*
  837 2d Cir. 152 (2d Cir. 2016) .................................................................................. 12

*Cave v. E. Meadow Union Free Sch. Dist.,*
  514 F.3d 240 (2d Cir. 2008) ................................................................... 4, 7, 10, 11

*Cave v. E. Meadow Union Free Sch. Dist.,*
  480 F.Supp.2d 610 (E.D.N.Y. 2007) ......................................................................... 11

*Charlie F. v. Bd. of Educ. of Skokie Sch. Dist.,*
  98 F.3d 989 (7th Cir. 1996) ...................................................................................... 11

*Endrew F. v. Douglass Cnty. Sch. Dist. RE-1,*
  137 S.Ct. 988 (2017) .................................................................................................. 2

*Evans v. Bd. of Educ. of Rhinebeck Cent. Sch. Dist.,*
  930 F. Supp. 83 (S.D.N.Y. 1996) .............................................................................. 15

*Feingold v. New York,*
  366 F.3d 138 (2d Cir. 2004) ..................................................................................... 14

*Fry v. Napoleon Cmty. Sch.,*
  137 S. Ct. 743 (2017) ........................................................................................ 9, 10, 11

*Fulton v. Goord,*
  591 F.3d 37 (2d Cir. 2009) ....................................................................................... 12

*Grenon v. Taconic Hills Cent. Sch. Dist.,*
  2006 WL 3751450 (N.D.N.Y. 2006) ........................................................................... 6

*H.C. v. Katonah Lewisboro Union Free Sch. Dist.,*
  2012 U.S. Dist. LEXIS 97870 (S.D.N.Y. 2012) ......................................................... 8

*Hope v. Cortines,*
  872 F. Supp. 14 (E.D.N.Y. 1995) aff'd 69 F.3d 687 (2d Cir. 1995) ......................... 10

*J.D. ex rel. J.D. v. Pawlett Sch. Dist.,*
  224 F.3d 60 (2d Cir. 2000) ....................................................................................... 13

EHG/D1324627v2/M400000/C0166771

*Jenn-Ching Luo v. Baldwin Union Free Sch. Dist.*,
   2016 U.S. Dist. LEXIS 3616 (E.D.N.Y. 2016) .................................................. 15

*Kelly v. Saratoga Springs City Sch. Dist.*,
   2009 U.S. Dist. LEXIS 88412 (N.D.N.Y. 2009) ............................................... 5

*M.M. v. New York City Dep't of Educ,*
   2017 U.S. Dist. LEXIS 47812 (S.D.N.Y. 2017)............................................3, 15

*Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*,
   297 F.3d 195 (2d Cir. 2002) ............................................................................ 8

*New York City Dep't of Educ. v. S.H.*,
   2014 U.S. Dist. LEXIS 20743 .........................................................................5

*P.C. v. McLaughlin,*
   913 F.2d 1033 (2d Cir. 1990) .......................................................................... 13

*Polera v. Bd. of Educ.*,
   288 F.3d 478 (2d Cir. 2002) ..................................................................... 10, 11

*R.S. v. Bedford Cent. Sch. Dist.*,
   899 F. Supp. 2d 285 (S.D.N.Y. 2012) ...................................................... 5, 7, 8

*Reyes v. Bedford Cent. Sch. Dist.*,
   2017 U.S. Dist. LEXIS 159568 (S.D.N.Y. 2017) ........................................... 3

*Sch. Comm. of Burlington v. Dep't of Educ.*,
   471 U.S. 359 (1985) ........................................................................................ 1

*Schreiber v. E. Ramapo Cent. Sch. Dist.*,
   700 F. Supp. 2d 529 (S.D.N.Y. 2010) ............................................................ 13

*Streck v. Bd. of Educ.*,
   280 Fed. App'x 66 (2d Cir. 2008)............................................................14, 15

*T.W. v. Spencerport Cent. Sch. Dist.*,
   891 F. Supp. 2d 438 (W.D.N.Y. 2012) ...................................................... 5, 8

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
   752 F.3d 239 (2d Cir. 2014) ........................................................................... 3

*United Mine Workers of Am. v. Gibbs,*
   383 U.S. 715 (1966) ....................................................................................... 11

*Vega v. Hempstead Union Free Sch. Dist.*,
   801 F.3d 72 (2d Cir. 2005) ............................................................................. 14

iii

**Statutes and Regulations**

20 U.S.C. § 1400(d)(1)(A) ................................................................................................. 2

20 U.S.C. § 1401(9) ........................................................................................................... 2

20 U.S.C. § 1415(i)(2)(A) ................................................................................................. 4

20 U.S.C. § 1415(j) ............................................................................................................ 1

20 U.S.C. § 1415(l) ........................................................................................................ 9, 10

42 U.S.C. § 1983 ............................................................................. 1, 4, 9, 10, 14, 15, 16

42 U.S.C. § 12102(1)(A) ................................................................................................. 12

8 NYCRR § 279.13 ....................................................................................................5, 6, 8

New York Education Law § 4401 ................................................................................... 11

34 C.F.R. § 300.17 ............................................................................................................. 2

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 1, 3, 16

Fed. R. Civ. P 12(b)(6) ..............................................................................................1, 3, 16

Section 504 of the Rehabilitation Act.................................................. 1, 4, 9, 10, 12, 13, 14

iv

## PRELIMINARY STATEMENT

Defendants, Clarkstown Central School District (the "District") and the Board of Education for the Clarkstown Central School District (the "Board") submit this Memorandum of Law in support of their motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth herein, the motion should be granted.

## THE COMPLAINT

The plaintiffs' complaint contains eight alleged causes of action. The plaintiff's first four causes of action purport to allege a violation of the Individuals with Disabilities Education Act ("IDEA"). Specifically, the plaintiffs are seeking an order pursuant to the IDEA's "stay-put" provision, 20 U.S.C. § 1415(j), directing the District to pay tuition and related expenses for her son's private school placement during the 2014-2015, 2015-2016, 2016-2017 and 2017-2018 school years. In the alternative, if the plaintiffs are not entitled to relief under the stay-put provision, they are seeking the same relief relying upon the traditional tuition reimbursement standard set forth in Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S. 359 (1985). The remaining causes of action purport to allege violations of Section 504 of the Rehabilitation Act ("Section 504"), the American with Disabilities Act ("ADA"), 42 U.S.C. § 1983 and the New York Education Law. The plaintiffs' non-IDEA claims all arise out of the District's alleged violation of the stay-put provision and/or the failure to provide A.A. with a Free Appropriate Public Education ("FAPE") under the IDEA.

The complaint alleges that the plaintiffs filed a due process complaint with an Impartial Hearing Officer ("IHO") seeking the reimbursement of tuition and related expenses for A.A.'s private school placement during the 2014-2015, 2015-2016, 2016-2017 and 2017-2018 school

1

EHG/D1324627v2/M400000/C0166771

years. (Complaint ¶ 79). The IHO dismissed all of the plaintiffs' claims. (Complaint ¶ 82). Furthermore, the plaintiffs concede in their complaint that they failed to timely serve their appeal of the IHO's decision, which resulted in the State Review Officer ("SRO") dismissing the plaintiffs' appeal in its entirety. (Complaint ¶ 143-45). Accordingly, this Court lacks subject matter jurisdiction over all of the claims raised in the complaint, as the plaintiffs have failed to exhaust their administrative remedies under the IDEA, which is a prerequisite to this Court's jurisdiction. In the alternative, if the Court nevertheless asserts subject matter jurisdiction over the plaintiffs' non-IDEA claims, such claims must be dismissed for the failure to state a claim upon which relief may be granted.

## BACKGROUND

The IDEA was enacted in order for students with disabilities to have access to a FAPE. 20 U.S.C. § 1400(d)(1)(A). A FAPE includes access to special education and related services designed to meet the student's unique educational needs, which must be provided in conformity with a comprehensive written Individualized Educational Program ("IEP"). 20 U.S.C. § 1401(9); 34 C.F.R. § 300.17. A FAPE is offered to a student when the board of education (a) complies with the procedural requirements set forth in the IDEA, and (b) the IEP developed by its Committee on Special Education ("CSE") is reasonably calculated to enable the student to make progress appropriate in light of the child's circumstances. See Endrew F. v. Douglass Cnty. Sch. Dist. RE-1, 137 S.Ct. 988, 994, 999 (2017).

### Parent's Right to a Due Process Hearing

In order for this Court to have subject matter jurisdiction over this dispute, the plaintiffs were required to exhaust their administrative remedies in accordance with New York's two-tiered

2

administrative system for the review of IEPs. Specifically, if a parent disagrees with a school district's IEP, he or she can demand a due process hearing before an IHO. The IHO weighs the evidence presented by the school district and parent and determines, among other things, if the district's IEP complies with the IDEA. Any party aggrieved by the IHO's decision can appeal to the Office of State Review and have the SRO review the matter and issue a decision. A parent must exhaust these administrative procedures in order to bring an action in federal court challenging the appropriateness of the district's IEP.

## ARGUMENT

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) should be granted when the court lacks statutory or constitutional authority to adjudicate the plaintiff's claims. Reyes v. Bedford Cent. Sch. Dist., 2017 U.S. Dist. LEXIS 159568 at *10 (S.D.N.Y. 2017) (citations omitted). The burden is on the plaintiff to demonstrate by a preponderance of the evidence that the Court has subject matter jurisdiction. Id. (quoting Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014)). Furthermore, the Court is required to "take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Id. In determining whether to dismiss a complaint for lack of subject matter jurisdiction, "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleading, such as affidavits." Id. The instant complaint must be dismissed for lack of subject matter jurisdiction.

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should be granted when, accepting the allegations in the complaint as true, the court determines that the plaintiff did not "state a claim to relief that is plausible on its face." M.M. v. New York City Dep't

3

EHG/D1324627v2/M400000/C0166771

of Educ., 2017 U.S. Dist. LEXIS 47812 at *35 (S.D.N.Y. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In determining whether the complaint states a claim for relief, the "court must disregard legal conclusions, which are not entitled to presumption of truth." Id. Accepting the allegations of the complaint as true, and drawing all reasonable inferences in the plaintiffs' favor, the plaintiffs still have not stated a claim upon which relief may be granted and, as a result, the complaint must be dismissed.

## POINT I

### THE PLAINTIFFS' CLAIMS UNDER THE IDEA MUST BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION

It is clear from the complaint that the first four causes of action are brought pursuant to the IDEA and the relief sought is premised upon that statute. What is also clear is that the plaintiffs failed to exhaust their administrative remedies prior to commencing this action. Accordingly, this Court lacks subject matter jurisdiction of this dispute and, as a consequence, must dismiss the plaintiffs' IDEA claims.

As discussed above, New York has established a two-tier administrative system for the review of IEPs. The first tier is an impartial hearing before an IHO, who after considering the evidence presented at the hearing, issues a written decision. That decision can then be appealed to the SRO who will then also issue a written decision. Only after exhaustion of these two steps does an aggrieved party have the right to challenge the SRO's decision in federal or state court. 20 U.S.C. § 1415(i)(2)(A). Failure to exhaust those administrative remedies deprives the Court of subject matter jurisdiction. Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245 (2d Cir. 2008) (dismissing plaintiffs' claims under the IDEA, ADA, Section 504 and 42 U.S.C. §

EHG/D1324627v2/M400000/C0166771

1983 because "the IDEA's exhaustion rule applie[d] to all of [the plaintiffs'] federal causes of action regardless of their statutory bases.").

This Circuit has consistently held that an aggrieved party who fails to timely appeal an IHO's decision to the SRO has not complied with the IDEA's exhaustion requirement. B.C. v. Pines Plains Cent. Sch. Dist., 971 F. Supp. 2d 356, 365 (S.D.N.Y. 2013) (by failing to timely and properly initiate her appeal to the SRO, plaintiff failed to exhaust her administrative remedies under the IDEA and deprives the court of subject matter jurisdiction); Kelly v. Saratoga Springs City Sch. Dist., 2009 U.S. Dist. LEXIS 88412, at *16 (N.D.N.Y. 2009) (same); T.W. v. Spencerport Cent. Sch. Dist., 891 F. Supp. 2d 438, 440 (W.D.N.Y. 2012) (same); R.S. v. Bedford Cent. Sch. Dist., 899 F. Supp. 2d 285, 291 (S.D.N.Y. 2012) (same); New York City Dep't of Educ. v. S.H., 2014 U.S. Dist. LEXIS 20743 (same). Furthermore, an SRO's timeliness determination will not be disturbed unless the Court finds it to be arbitrary and capricious. Id. Because the plaintiff acknowledges in her complaint that she failed to timely serve her appeal and the SRO issued a well-reasoned decision dismissing such appeal, her claims under the IDEA must be dismissed for lack of subject matter jurisdiction.

The plaintiffs contend that they are still entitled to the relief requested herein, because the SRO should have accepted the untimely appeal pursuant to 8 N.Y.C.R.R. § 279.13. Pursuant to this regulation, the SRO has absolute discretion whether to excuse an untimely appeal, provided the plaintiff demonstrates good cause in the request for review. The fact that the plaintiffs' appeal was served one day late does not support a finding that the SRO's dismissal was arbitrary and capricious. In New York City Dep't of Educ. v. S.H., 2014 U.S. Dist. LEXIS 20743 at *19-20, the Court dismissed the case for lack of subject matter jurisdiction where the plaintiff was similarly one day late in serving its appeal. The Court reasoned that the decision was not

5

arbitrary and capricious because the SRO found that the plaintiff "waited 'until the last minute' to attempt personal service" and the process server could not have been expected to effectuate service on the same day it was due. Id. at *16. The plaintiffs in the instant matter also waited "until the last minute" to effectuate service, as they sent the appeal documents to the process server on the afternoon of the same date that service was due.[1] (Complaint ¶ 149). Thus, the SRO similarly found that "[w]aiting until the last day to execute a pleading and effectuate personal service while providing minimal instructions to a process server does not constitute a matter outside the control of a party." Application of a Student with a Disability, SRO Dec. No. 18-046 (2018) (recognizing that "[g]ood cause for late filing would be something like postal service error, or, in other words, an event that the filing party had no control over." (quoting Grenon v. Taconic Hills Cent. Sch. Dist., 2006 WL 3751450 at *5 (N.D.N.Y. 2006))).[2]

Furthermore, waiting until the afternoon of the last day to effectuate service was clearly inexcusable since, as the SRO pointed out in her decision dismissing the appeal as untimely, the parent signed the verification for the appeal two days *before* the filing deadline.

In dismissing the plaintiffs' appeal, the SRO also found that the parent failed to comply with 8 N.Y.C.R.R. § 279.13, as she did not assert the good cause reason for the untimely service in her request for review. The SRO noted that the plaintiffs failed to comply with such procedural requirement even though the Office of State Review notified her on April 9, 2018, a week before it was due, that "[i]f the parent is unable to serve a request for review, good cause for failure to timely serve and file must be set forth in the request for review in addition to the parent's challenges to the impartial hearing officer's decision." (emphasis added). Despite their

---

[1]    A copy of the instructions plaintiffs provided to the process server on the afternoon of the last day to serve the appeal is annexed to the Camhi Declaration as Exhibit B. The instructions did not indicate that there was any urgency in serving the papers that same day.

[2]    A copy of the SRO's Decision is annexed as Exhibit A to the Camhi Declaration.

6

failure to satisfy this procedural requirement, the SRO nevertheless analyzed whether the plaintiffs demonstrated a good cause reason to excuse their untimely service. As previously discussed, the SRO found that the plaintiffs' assertions did not provide a sufficient reason to forgive the untimely service.

The Court's decision in R.S. v. Bedford Cent. Sch. Dist., 899 F. Supp. 2d at 288, is also analogous in that the parents served the school district on the day after the deadline. The Court noted that in order for an SRO's dismissal to be arbitrary and capricious, the parents must demonstrate that the SRO has inconsistently applied the law. Id. at 291. Because the parents failed to cite any authority "in which a party was identically situated," the Court concluded that the SRO had not acted arbitrarily or capriciously and that it therefore lacked subject matter jurisdiction.[3] Id. at 291.

The plaintiffs in the instant matter also fail to cite any cases in which the filing party was similarly situated. Specifically, the plaintiffs would need to cite decisions where the filing party was represented by experienced counsel who was reminded a week before the filing deadline of the obligation to timely file; who nevertheless waited until the afternoon of the very last day to provide the documents to the process server; and who failed to give the process server explicit instructions about meeting the service deadline. They did not do so. Instead, plaintiffs rely on cases in which the filing parties experienced postal service errors that were outside of their control. (Complaint ¶ 151). The failure to timely serve in this case was clearly not outside the plaintiffs' control. Finally, the complaint does not even address plaintiffs' failure to include the good cause allegations in the initial request for review or explain why plaintiffs attempted to

---

[3]    The Court further held that a "finding that the claims are unexhausted also prohibits th[e] Court from granting the [parents'] motion for attorneys' fees." Id. (citing Cave, 514 F.3d at 246-47).

EHG/D1324627v2/M400000/C0166771

effectuate service two days *after* the parent signed the verification. Accordingly, the SRO's decision was not arbitrary and capricious.

Plaintiffs' assertion that the SRO is biased does not serve as an exception to the exhaustion requirement. The Court in R.S. v. Bedford Cent. Sch. Dist., 899 F. Supp. 2d at 289, recognized that the failure to exhaust administrative remedies "may be waived if . . . it would be futile to resort to the IDEA's due process procedures." (citing Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 199 (2d Cir. 2002)). In order "[t]o take advantage of the futility exception, the [p]laintiffs would need to show that [ ] the SRO is so biased against them that they could not have prevailed had they presented their appeal directly to him." Id. However, the parents in R.S. v. Bedford Cent. Sch. Dist., simply alleged that the SRO was biased because it did not exercise its discretion to excuse their late filing. Id. at 290. The Court held that such argument could not serve as an exception to the exhaustion requirement. Id. Here, the plaintiffs cannot rely on the futility exception, as they similarly aver that the SRO demonstrated bias due to his failure to exercise his discretion pursuant to 8 NYCRR § 279.13.

In addition, the plaintiffs' bias claim is not supported by any objective facts and is simply not plausible. Indeed, the Court can take judicial notice of the fact that the same SRO on occasion found in plaintiffs' favor in other cases brought before this Court. Similar unsupported bias claims have been consistently and repeatedly dismissed by district courts in this Circuit. See e.g., H.C. v. Katonah Lewisboro Union Free Sch. Dist., 2012 U.S. Dist. LEXIS 97870 at *53-54 (S.D.N.Y. 2012) (collecting cases dismissing SRO bias claims); T.W. v. Spencerport Cent. Sch. Dist., 891 F. Supp. 2d 438, 44 (W.D.N.Y. 2012) (plaintiff's mere allegations that administrative bias and inexpediency made the entire administrative hearing process an exercise in futility is an

8

insufficient basis to excuse their failure to exhaust administrative remedies on the grounds of futility).

Because it is clear that the plaintiffs failed to exhaust their administrative remedies, this Court lacks subject matter jurisdiction over this matter. As a result, the plaintiffs' IDEA claims must be dismissed in their entirety.

## POINT II

### THE PLAINTIFFS' NON-IDEA CLAIMS MUST BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION

As discussed in Point I, it is clear that the plaintiffs failed to exhaust administrative remedies with respect to their claims under the IDEA. The plaintiffs' claims under the ADA, Section 504, 42 U.S.C. § 1983 and the Education Law are all duplicative of her claims under the IDEA. Accordingly, the plaintiffs' non-IDEA claims must also be dismissed on exhaustion grounds.

The IDEA expressly provides that a party must exhaust administrative remedies prior to commencing a civil action under the ADA, Section 504 or similar Federal laws when he or she seeks relief that is also available under the IDEA. 20 U.S.C. § 1415(l). In Fry v. Napoleon Cmty. Sch., the Supreme Court recognized that under 20 U.S.C. § 1415(l), all non-IDEA claims that "seek relief for the denial of a FAPE" must comply with the exhaustion requirement. 137 S. Ct. 743, 752 (2017), The Court noted that such determination should be made by "look[ing] to the substance, or gravamen of the plaintiff's complaint." Id. Therefore, Fry adopted the following two-part inquiry for courts to consider when analyzing whether the "gravamen" of the plaintiff's complaint seek redress for the denial of a FAPE:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a

9

school--say, a public theater or library? And second, could an <u>adult</u>
at the school--say, an employee or visitor--have pressed essentially
the same grievance?

<u>Id.</u> at 756.

The Court explained that if the answer to both questions is no, it is likely that the complaint deals with a denial of a FAPE. <u>Id.</u> Here, the answer to each question is undoubtedly no. The plaintiffs' non-IDEA claims all arise from A.A.'s disability and an alleged deprivation of educational services that the IDEA was explicitly designed to address. Specifically, each non-IDEA cause of action raised in the complaint alleges that A.A. was denied access to a FAPE and that the District failed to appropriately develop and implement his IEPs. Furthermore, in summarizing the statutory framework under Section 504 and the ADA, the plaintiffs conceded that "the benefits at issue are denial of a FAPE." (Complaint ¶ 43). Accordingly, the plaintiffs cannot evade the IDEA's exhaustion procedures simply by relying on the ADA, Section 504, and 42 U.S.C. § 1983.

The fact that the complaint seeks monetary damages does not exempt the plaintiffs from the IDEA's exhaustion requirement. This Circuit has consistently recognized that a plaintiff must still exhaust administrative remedies when he or she seeks monetary damages under the ADA, Section 504, 42 U.S.C. § 1983 or similar laws. <u>See</u> <u>Cave v. E. Meadow Union Free Sch. Dist.</u>, 514 F.3d 240, 248-49 (2d Cir. 2008); <u>Polera v. Bd. of Educ.</u>, 288 F.3d 478, 488 (2d Cir. 2002); <u>Hope v. Cortines</u>, 872 F. Supp. 14, 19-21 (E.D.N.Y. 1995), *aff'd* 69 F.3d 687 (2d Cir. 1995). In <u>Polera v. Bd. of Educ.</u>, 288 F.3d 478 (2d Cir. 2002),[4] the Court recognized that the

---

[4]    In <u>Fry v. Napoleon Cmty. Sch.</u>, 137 S. Ct. 743, 752, the Court held that "Section 1415(l) requires that a plaintiff exhaust the IDEA's procedures before filing an action under the ADA, the Rehabilitation Act, or similar laws when . . . her suit 'seek[s] relief that is also available' under the IDEA." The Court also noted that it "le[ft] for another day a further question about the meaning of § 1415(l): Is exhaustion required when the plaintiff complains of the denial of FAPE but the specific remedy she requests - here money damages for emotional distress - is not one

10

IDEA's reference to "relief available" refers to "relief for the events, condition or consequences of which the person complains, not necessarily the kind the person prefers." Id. at 487 (quoting Charlie F. v. Bd. of Educ. of Skokie Sch. Dist., 98 F.3d 989, 991-92 (7th Cir. 1996)). Therefore, the Court held that "a disabled student claiming deficiencies in his or her education may not ignore the administrative process, then later sue for damages." Id. at 488.

The plaintiffs also cannot rely on New York Education Law § 4401, et seq., to side-step the exhaustion requirement. In Cave, the Second Circuit dismissed all of the plaintiffs' federal claims due to their failure to exhaust administrative remedies. Cave, 514 F.3d at 250. Therefore, the Court recognized that if "federal claims are dismissed before trial . . . the state claims should be dismissed as well." Id. (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). Additionally, the District Court in Cave recognized that Education Law §§ 4401, et seq, was enacted in order to implement the IDEA in New York State. Cave v. E. Meadow Union Free Sch. Dist., 480 F. Supp. 2d 610, 643 (E.D.N.Y. 2007). Thus, the Court stated that the plaintiffs' reliance on New York Education Law could arguably be deemed "an admission that the IDEA and its exhaustion requirement apply to [their] case." Id. Here, the plaintiffs' claim under state Education Law must also be dismissed due to her failure to exhaust administrative remedies. Because this Court lacks subject matter jurisdiction over the plaintiffs' federal claims, there is no basis for supplemental jurisdiction over the state law claims.

As established in Point I, it is clear that the plaintiffs failed to exhaust their administrative remedies under the IDEA. Because the gravamen of plaintiffs' complaint alleges deficiencies in

---

that an IDEA hearing officer may award." Id. at 752 n.4. Here, the plaintiffs similarly complain of a denial of FAPE, but seek monetary damages under the non-IDEA claims. Therefore, the Court in Fry did not address the issue of whether the plaintiff's non-IDEA claims also seek relief that is available under the IDEA. Accordingly, the Second Circuit's decision in Polera is controlling.

11

A.A.'s education, this Court lacks subject matter jurisdiction over these claims. Therefore, the plaintiffs' complaint must be dismissed in its entirety.

## POINT III

### THE PLAINTIFFS' NON-IDEA CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Although it is clear that the Court lacks subject matter jurisdiction to decide this matter (See Points I and II), it is also clear that the plaintiffs failed to sufficiently plead a cause of action for any of their non-IDEA claims.

### A. The Plaintiffs Fail to State a Claim Under Section 504 and the ADA

As this Court has explained, "to establish a prima facie case of discrimination under either the ADA or Section 504, a plaintiff must show the following: (1) plaintiff is a 'qualified individual with a disability;' (2) plaintiff was 'excluded from participation in a public entity's services, programs or activities or otherwise discriminated against by [the] public entity;' and (3) 'such exclusion or discrimination was due to [plaintiff's] disability.'" B.C. v. Mount Vernon Sch. Dist., 837 2d Cir. 152, 158 (2d Cir. 2016) (quoting Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009). Under this standard, the plaintiffs' complaint fails to adequately state a claim under Section 504 and the ADA.

The ADA's definition of "a qualified individual with a disability" differs from that under the IDEA. The ADA defines a qualified individual with a disability as someone who has a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Section 504 largely incorporates this definition. 42 U.S.C. § 12102(1)(A). Because the IDEA's definition differs, the Court in B.C. explained that a plaintiff "will not qualify for the ADA's protections simply by virtue of his or her disabled status under the IDEA." 837 F.3d at 160. Therefore, in order to have a viable claim under the ADA and Section 504, the

12

plaintiff must "come forward with 'additional evidence'--beyond simply their eligibility for IDEA coverage." Id. at 161. The plaintiffs' complaint only alleges that A.A. is entitled to services under the IDEA, as he is diagnosed with attention deficit hyperactivity disorder, dyslexia and a learning disability. (Complaint ¶ 10, 46). However, the plaintiffs fail to plead any additional facts that would demonstrate that A.A. possesses a physical or mental impairment that *substantially limits* a major life activity. Because the plaintiffs failed to plead any allegations that would entitle them to relief under the ADA and Section 504, their claims must be dismissed.

The plaintiffs also failed to plead that A.A. suffered from any disability based discrimination under the ADA and Section 504. In order to prove a violation of the ADA or Section 504, a plaintiff must prove that he was discriminated against based upon his disability, i.e. treated differently than non-disabled peers. J.D. ex rel. J.D. v. Pawlett Sch. Dist., 224 F.3d 60, 70 (2d Cir. 2000); P.C. v. McLaughlin, 913 F.2d 1033, 1041 (2d Cir. 1990). In an action relating to the denial of a FAPE, the plaintiff must allege "that a school district acted with deliberate or reckless indifference to the student's federally protected rights or with 'bad faith or gross misjudgment.'" Schreiber v. E. Ramapo Cent. Sch. Dist., 700 F. Supp. 2d 529, 564 (S.D.N.Y. 2010). Here, the plaintiffs merely conclude that the District's conduct was gross, reckless and intentional. (Complaint ¶ 193, 203). Mere conclusory allegations without more are not sufficient. The plaintiffs' complaint only alleges that (1) the District denied transportation to A.A.'s new private placement (New York Military Academy), (2) it failed to comply with the IDEA's stay-put provision and (3) A.A.'s IEP was substantively and procedurally inadequate. The complaint does not contain any allegations that could plausibly demonstrate that the District engaged in the purported conduct due to A.A.'s disability. Accordingly, nothing contained in plaintiffs' complaint plausibly rises to the level of gross misjudgment or an intentional or

13

reckless indifference to A.A.'s rights. See Avaras v. Clarkstown Cent. Sch. Dist., 2017 U.S. Dist. LEXIS 110624 at *79-81 (S.D.N.Y. 2017) (holding that the plaintiffs' complaint, which, among other things, alleged that the student was "warehoused" in a classroom, the district failed to disclose educational records, and its "administrative procedures . . . violated due process" under Section 504, did not "plausibly allege disability discrimination *as a result of* deliberate or reckless indifference to [the student's] disability.")

As the Court articulated in Streck v. Bd. of Educ., "under the ADA and [Section 504], a demand for 'reasonable accommodations to assure access to an existing program' is cognizable; but a demand for 'additional or different substantive benefits' is not." 280 Fed. App'x 66, 68 (2d Cir. 2008). The plaintiffs' complaint in Steck demonstrated that the student was provided "access to an existing program," as it asserted that the student was classified under the IDEA and an IEP was implemented. Id. Therefore, the Court found that the plaintiffs' IDEA and Section 504 claims were properly dismissed in that the complaint "challenge[d] the content and sufficiency of the IEP." Id. The plaintiffs in the instant matter also contest the content and sufficiency of A.A.'s IEP for each of the years in question. (Complaint ¶ 96, 125, 130). Accordingly, the plaintiffs' ADA and Section 504 claims must be dismissed.

**B. The Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1983.**

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must allege that "(1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2005) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)). Furthermore, if a 42 U.S.C. § 1983 claim is advanced simultaneously with an IDEA claim, "a plaintiff must establish that a constitutional violation

14

outside the scope of the IDEA has occurred." Evans v. Bd. of Educ. of Rhinebeck Cent. Sch. Dist., 930 F. Supp. 83, 102-03 (S.D.N.Y. 1996).

The plaintiffs, having availed themselves of the administrative review process supplied by the IDEA, are not entitled to pursue a damages claim pursuant to 42 U.S.C. § 1983. See Streck, 280 Fed. App'x at 68 (collecting cases). In Streck, the Court dismissed the plaintiffs' 42 U.S.C. § 1983 claim because the "plaintiffs fail[ed] to allege a denial of procedural safeguards or administrative remedies: they were afforded a hearing before an impartial hearing officer and review by a state review officer." 280 Fed. App'x at 68. Although the plaintiffs disagree with the decisions of the IHO and SRO, they availed themselves to the administrative review process and therefore have not plausibly alleged that they were denied procedural safeguards under the IDEA. See Avaras, 2017 U.S. Dist. LEXIS 110624 at *82 (dismissing plaintiff's 42 U.S.C. § 1983 because she "availed herself of the administrative review process" and did not "plausibly alleg[e] she was denied the procedural safeguards to which she was entitled under the IDEA"); see also M.M. v. New York City Dep't of Educ., 2017 U.S. Dist. LEXIS 47812 (S.D.N.Y. 2017) ("Because [the plaintiff] takes issue not with the process she received, but with the outcome of that process she received, she has failed to allege that she was deprived of any rights without due process."); see also Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., 2016 U.S. Dist. LEXIS 3616 at *20 (E.D.N.Y. 2016) ("[S]ince Plaintiff's IDEA claims have been dismissed, his Section 1983 claims for IDEA violations must fail as well.").

The complaint just alleges, in a conclusory manner, that plaintiffs were not afforded due process under the IDEA because the SRO demonstrated bias against them. As previously discussed, the plaintiffs' bias allegations are not based on any objective facts and simply are not plausible. Furthermore, the plaintiffs conceded that their appeal was untimely and the SRO

15

EHG/D1324627v2/M400000/C0166771

assessed whether they established a good cause reason that would excuse their delay. (Complaint ¶ 149, 154). Accordingly, the plaintiffs failed to plausibly allege a claim under 42 U.S.C. § 1983.

## CONCLUSION

**FOR THE REASONS SET FORTH HEREIN DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) SHOULD BE GRANTED IN ITS ENTIRETY.**

Dated: Garden City, New York
October 23, 2018

JASPAN SCHLESINGER LLP
Attorney for Defendants -
*Clarkstown Central School District*

By:

STANLEY A. CAMHI
CAROL A. MELNICK
EDWARD H. GRIMMETT
300 Garden City Plaza
Garden City, NY 11530
516-746-8000

16

EHG/D1324627v2/M400000/C0166771